# Cedar Creek Store Company *v.* Stedham.

## *Automobile Accident.*

(Decided June 4, 1914.    Rehearing denied July 2, 1914.
65 South. 984.)

1. *Negligence; Contributory Negligence; Children.*—The presumption being that children between the age of seven and fourteen years are not capable of committing what in law amounts to contributory negligence, a child not possessing that discretion and maturity of judgment which is presumed conclusively to belong to the average child of fourteen, if injured by the actionable negligence of another, such other cannot set up contributory negligence as a defense.

2. *Same.*—A child compos mentis between the age of seven and fourteen years is presumed to be incapable of contributory negligence, but may be shown to be capable by evidence that he possesses discretion, intelligence and sensitiveness to danger which the ordinary child of fourteen years and over, possesses.

3. *Same; Evidence; Burden of Proof.*—Where the action is for personal injury, and the plea of the general issue is interposed, the burden is on plaintiff to show that the injury was due to the actionable negligence of defendant.

[Cedar Creek Store Company v. Stedham.]

4. *Appeal and Error; Harmless Error; Pleading.*—Where defendant had the benefit of its pleas of contributory negligence under other pleas to which no demurrers were sustained, the sustaining of demurrers to some of the pleas were harmless.

5. *Evidence; Opinion; Speed.*—Non-expert testimony is admissible to show the speed of an automobile at the time of an accident.

6. *Trial; Reception of Evidence; Objection; Time.*—Where the answer was responsive to the question, and the question fully disclosed the character of testimony sought, an objection to the question after it was answered, came too late.

7. *Automobile; Injury by; Evidence; Wantonness.*—On the question of wantonness in an action for injury to a child by an automobile, it was competent to show that the automobile was running very fast near a number of children.

APPEAL from Escambia Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by Benton Steadham, pro ami, against the Cedar Creek Store Company, for injuries suffered in an automobile accident. Judgment for plaintiff and defendant appeals. Affirmed.

PAGE & MCMILLAN, for appellee. A child between the ages of seven and fourteen presumptively cannot be guilty of contributory negligence, but this presumption can be rebutted by evidence.—*R. R. Co. v. Hanlon,* 53 Ala. 70; *Iron Co. v. Brawley,* 83 Ala. 374; *Jefferson v. Birmingham,* 116 Ala. 294. Plea E. 2 was good.—*Barber v. Shebor,* 58 South. 276; *Adler v. Martin,* 59 South. 597; *Terrell v. Walker,* 59 South. 775. On these authorities the court erred in sustaining demurrers to the other pleas of defendant setting up contributory negligence of plaintiff. The court erred in admitting evidence by non experts as to the speed of the automobile, and that it was running very fast near some children.—1 Greel. § 430. Under the evidence in this case plaintiff could not recover.—*N. C. & St. L. v. Harris,* 142 Ala. 249.

HAMILTON & BROOKS and LEIGH & CHAMBERLAIN, for appellee. The demurrers to the pleas were properly

overruled.—*Adler v. Martin,* 59 South. 597; *Barbour v. Shebor,* 58 South. 276; *Bachelder v. Morgan,* 60 South. 815; *Terrell v. Walker,* 59 South. 775. The allegations of the pleas are not sufficient to overcome the presumption of plaintiff's mental incapacity.—*B. R. L. & P. Co. v. Jones,* 146 Ala. 277; *Same v. Landrum,* 153 Ala. 192. However, this may be the question of plaintiff's age and mental capacity was fully gone into, and that question fully submitted to the jury, and hence, any error is without injury.—*L. & N. v. Dilburn,* 59 South. 438. There was no error in admitting testimony as to the speed of the automobile, although the witness was not shown to be an expert.—*H. A. & B. R. R. Co. v. Cramton,* 112 Ala. 425; *A. G. S. v. Hall,* 105 Ala. 599. The statute prescribes the speed of the automobile, and it is negligence per se to violate it, and the fact as to how it was being operated, and the objects which it passed nearly were all parts of the res gestæ.—*M. & M. R. R. Co. v. Ashcraft,* 48 Ala. 15; *B. U. R. R. Co. v. Alexander,* 93 Ala. 133; *B'ham v. Starr,* 112 Ala. 98; *So. Ry. v. Posey,* 124 Ala. 486; 90 Pac. 654; 125 S. W. 279; 69 S. E. 1015.

DE GRAFFENRIED, J.—The evidence in this case shows that Benton Steadham, when he was injured by the automobile, was between 10 and 12 years of age. Between the ages of 7 and 14 children are presumed to be wanting in that care, judgment, discretion, and sensitiveness to danger which belong to the average child who is 14 years of age, and there is a rebuttable legal presumption that children between the ages of 7 and 14 years are incapable of committing what in law amounts to contributory negligence. Every well-balanced child of 8, 9, or 10, or 11 years of age knows that fire will burn, and that if he falls into the fire, or if his clothing catches on fire, he will not only be burned, but he also

probably knows that his life will thereby be endangered. Such a child may not, however—and he is rebuttably presumed by the law not to—possess that maturity of discretion which dictates those precautions against the dangers of fire that are conclusively presumed by the law to belong to normal children who are 14 years of age. A child above 7 and under 14 years of age may know that, if he is struck by an automobile, he will probably be killed or suffer great bodily injury. He may know that if he remains out of public thoroughfares and other places in which automobiles are wont to go, he will be in no danger from automobiles. He may, however, not possess that maturity of discretion which belongs to adults of ordinary prudence (and which normal children of 14 years of age and above that age are conslusively presumed by law to possess), and for that reason may heedlessly play in the highways and may heedlessly go across them without exercising such ordinary prudence. If such a child, a child between 7 and 14 years of age and not possessing that discretion and maturity of judgment which the law conclusively presumes a normal child of 14 years of age to possess, is injured through the actionable negligence of another, such a child is entitled to recover, although his own carelessness proximately contributed to his injury. The above seems to be the effect of our decisions.—*Birmingham Ry., L. & P. Co. v. Landrum,* 153 Ala. 192, 45 South. 198, 127 Am. St. Rep. 25.

Under pleas N and O to which the plaintiff's demurrer was overruled, the defendant was able to place before the jury, in as favorable a way as it possibly could, the defense of contributory negligence. This being true, we deem it unnecessary to discuss the action of the court in sustaining the plaintiff's demurrer to certain other pleas setting up that defense.

(2) The above renders it unnecessary for us to take up the other matters discussed by counsel in their briefs with reference to the pleadings. Under the plea of the general issue the burden was upon the plaintiff to show that his injury was due to the actionable negilgence of the defendant's chauffeur, and with this plea in, along with the pleas of contributory negligence, the issues were as broad as the defendant had the right to ask them to be.

(3) There was no error in that ruling of the court whereby nonexperts were allowed to testify that, in their opinion, the automobile, at the time of the injury, was traveling at a given rate of speed. *This* has heretofore been held and the reasons therefor given in the following cases: *A. G. S. R. R. Co. v. Hall*, 105 Ala. 599, 17 South. 176; *Highland Ave. & Belt Railroad Co. v. Sampson*, 112 Ala. 425, 20 South. 566. It would be useless for us to here repeat the reasons for this holding, as the reasons therefor are fully set forth in the cases above cited.

(4) The question made the subjects of the eighteenth and nineteenth assignments of error was answered before there was any objection to the question. The exception, therefore, came too late. The answer was responsive to the question, and the question fully disclosed the character of the testimony which the plaintiff thereby sought to introduce. The trial court cannot be put in error, for the matters complained of in these two asignments of error.—*Central of Ga. Ry. Co. v. Charles B. Teasley, infra*, 65 South. 981.

(5) One of the witnesses testified that when the boy was struck the automobile was traveling "very fast," "just as fast as it could go." The boy was injured in the daytime at a railroad station when the train was approaching. On the question of wantonness vel non—

and when this testimony was introduced, there was a, count in the complaint charging wantonness—we do not think that the court erred in allowing the plaintiff to show that the automobile was, at the time mentioned and at the rate of speed mentioned, run near a number of children.—*Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; *Birmingham Railway, L. & P. Co. v. Williams,* 158 Ala. 381, 48 South. 93; *B. R., L. & P. Co. v. Murphy,* 2 Ala. App. 588, 56 South. 817.

(6). There are numerous assignments of error which we have not discussed. Many of them have really been disposed of by what we have above said, and those not discussed are without merit.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SAYRE, JJ., concur.

### ON APPLICATION FOR REHEARING.

DE GRAFFENRIED, J.—In a note to *Schoonover v. Baltimore & Ohio Railroad Co.* (West Virginia Court of Appeals), Ann. Cas. 1913B, 964, it is stated that: "It is generally held that a child between the ages of 7 and 14 years may be guilty of contributory negligence, depending on the age, experience, and capacity to understand, appreciate, and avoid the danger to which the child is exposed, under all the circumstances of the case, the care required being the same care that a person of the *same age, education, and mental and physical capacity ordinarily uses under like circumstances,* and the contributory negligence of such a child is usual-

ly held to be a question for the jury."

Cited in support of this note are cases from California, Colorado, Georgia, Illinois, Indiana, Massachusetts, Michigan, Missouri, Nebraska, New York, Oklahoma, Texas, Utah, Virginia, and Wisconsin. We refer to the case of *Schoonover v. Baltimore & Ohio Railroad Co.,* for the purpose of directing attention to the above note, and not as indicating that we approve of all that was said by the court in said case.

The above rule is perhaps stated understandingly in the case of *Indianapolis Traction, etc., Co. v. Croly* (Ind. App.) 96 N. E. 973, cited in the note to which we have above referred, in the following language: "As to any given event, a child (above seven years of age) is responsible for just such care for his own safety as may reasonably be expected of one of his age, development, and intelligence under the circumstances characterizing the particular event."

Following naturally from the above rule, in the states in which it obtains, is the following rule with reference to children 14 years of age or over: "In determining whether a child 14 years of age or over has been guilty of contributory negligence it is the general rule that no higher degree of care is required of children 14 years of age or over than is usually exercised by children generally, of similar age, judgment, and experience under similar circumstances, and the question of contributory negligence is a question for the determination of the jury."

(2) While the above quoted rules seem to be sustained by abundant authority, they do not appear to have found recognition in this court. The rule is, after all, one as to the measure of proof which is required to sustain a plea of contributory negligence on the part of an infant. Mr. Justice MAYFIELD, in the case of *Birming-*

*ham & Atlantic Railway Co. v. Mattison,* 166 Ala. 602, 52 South. 49, opened the way to a repudiation of the rule declared in *Landrum's Case, supra,* but the other members of the court, in that case, contented themselves with concurring in the conclusion that the judgment in the case should be reversed, without committing themselves to the reasoning of the writer of the opinion. The *Landrum Case, supra,* is a direct, positive, and unmistakable declaration by this court of a positive rule. That rule simply declares that between the ages of 7 and 14 years children who are compos mentis are presumed to be incapable of contributory negligence, but that a child between the ages of 7 and 14 years may be shown by evidence to be capable of contributory negligence by showing that he possesses that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is 14 years of age.

This application for a rehearing has been considered by the full bench, and the court is of the opinion that the rule declared in *Landrum's Case, supra,* is too well grounded in our decisions for it to be disturbed.

The application for a rehearing is overruled. All the Justices concur.

