(88 South. 445)

### INDIAN REFINING CO. v. MARCRUM.
### (6 Div. 134.)

(Supreme Court of Alabama. April 14, 1921.)

**1. Negligence &#8660;85(3) — Children between 7 and 14 years of age presumptively incapable of contributory negligence.**

Children between the ages of 7 and 14 years are presumed to be incapable of contributory negligence, but such presumption may be overcome by showing that he possesses that discretion, intelligence, and sensitiveness to danger which the ordinary child of 14 years of age possesses.

**2. Negligence &#8660;117 — Pleas of contributory negligence of child held insufficient.**

In action for injuries to 8 year old child, contributory negligence pleas alleging that plaintiff "appreciating and understanding said act and the danger thereof," that "plaintiff appreciated and understood the same and the danger of running into said truck," and that plaintiff "appreciating the danger of such fact and such act," held insufficient for failure to allege possession of that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is 14 years of age.

**3. Pleading &#8660;380—What the evidence must show the pleading must aver.**

What the evidence must show the pleading must aver.

**4. Negligence &#8660;141(10)—Instruction on contributory negligence of child held error.**

In action for injuries to 8 year old child, instruction stating the rule that the presumption that the child was incapable of contributory negligence can be overcome only by showing that he had the "discretion and maturity of judgment of a person of 14 years of age," "or" that he appreciated the danger of the natural and probable consequences of his act, held insufficient notwithstanding that the first disjunctive averment stated the rule correctly, since the other disjunctive averment followed by the word "or" was incorrect, and since an 8 year old child may appreciate the danger of the natural and probable consequences of his act and yet not appreciate it with as much discretion, intelligence, and sensitiveness as an ordinary child of 14 years of age possesses.

Appeal from Circuit Court, Jefferson County; Romain Boyd, Judge.

Action by Clyde Marcrum, by next friend, against the Indian Refining Company for damages for personal injuries. Judgment for the defendant, which on motion of the plaintiff was set aside, and a new trial ordered, from which last order defendant appeals. Affirmed.

A truck belonging to the defendant became stuck, and in an effort to extricate it defendant's agent made use of a team of mules and a wagon and a pole or scantling with an iron hook on the end to prize the wheels out of the mud. When ready to move the scantling was hooked on to the rear of the truck, and in moving either became entangled with the bicycle on which plaintiff was riding or struck the plaintiff in some way, inflicting the injuries complained of. The evidence is in conflict as to just how the accident happened. The evidence for the defendant tended to show that the boy injured was near the truck with his bicycle before the truck was moved, but was warned by the agent in charge of moving the truck to get farther away and stay out of the way, and that he went to a fire some 30 or 40 yards to the rear of the truck and was seen there by this agent at the time he gave the word to move and that he was not seen any more until his

outcries were heard, when he and his bicycle were observed on the ground being dragged along by the pole on the rear of the truck. The evidence of the plaintiff tended to show that the boy was sitting or standing at the edge of the curb leaning on his bicycle, and that when the truck moved the pole struck an obstruction, careened over towards the boy, knocked him down under his bicycle, and dragged him along.

Pleas referred to, after alleging that the plaintiff himself was guilty of negligence, aver as follows:

(2) Plaintiff negligently ran his bicycle upon said truck or said attachment appreciating and understanding said act and the danger thereof, and as a proximate consequence he was thrown therefrom and received said injuries.

(3) The plaintiff negligently ran into or against said truck or attachment thereto without looking, though the same was plainly visible and could easily have been seen by any one looking therefor, and plaintiff appreciated and understood the same and the danger of running into said truck or attachment, and as a proximate consequence of said act on the part of plaintiff he ran into said truck or attachment and received the injuries complained of.

(4) Knowing that said truck and the attachment thereto was on said street at said place, and knowing that said truck was being so operated, and that to attempt to ride or mount his bicycle in dangerous proximity to said truck or attachment would likely cause him injury, and appreciating the danger of such fact and said act, nevertheless plaintiff negligently attempted to ride or mount his bicycle in dangerous proximity to said truck or attachment, and as a proximate result thereof plaintiff collided with said truck or attachment and received injuries complained of.

David S. Anderson and Frank Dominick, both of Birmingham, for appellant.

Where, in its oral charge to the jury, court correctly states the law and the proof required on the pleading in the case, any erroneous ruling of the court with reference to said pleading is error without injury, under rule 45 of the Supreme Court. 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; 203 Ala. 42, 81 South. 832; 17 Ala. App. 566, 86 South. 97. Although a child of the age here is prima facie incapable of contributory negligence, this presumption rebuttable by showing unusual capacity for training, etc. 166 Ala. 602, 52 South. 49; 183 Ala. 357, 61 South. 88; 187 Ala. 622, 65 South. 984; 201 Ala. 138, 77 South. 562.

F. D. McArthur, of Birmingham, for appellee.

The court erred in its rulings on demurrer to the plea and therefore properly granted the motion for new trial. 191 Ala. 524, 67 South. 664; 187 Ala. 622, 65 South. 984; 153 Ala. 192, 45 South. 198, 127 Am. St. Rep. 25.

The rule is that the court should grant a new trial when error is discovered. 92 Ala. 630, 9 South. 738; 203 Ala. 42, 81 South. 832. See, also, the following authorities: 197 Ala. 362, 72 South. 542; 69 Ala. 332; 198 Ala. 149, 73 South. 406; 190 Ala. 126, 67 South. 414; 178 Ala. 515, 59 South. 445; 198 Ala. 281, 73 South. 498; 201 Ala. 261, 77 South. 675; section 5331, Code 1907.

MILLER, J. Clyde Marcrum, by next friend, brings this suit against Indian Refining Company. The plaintiff claims he was negligently injured by an automobile truck of defendant, and claims damage therefor in two counts in his complaint.

The cause was tried before a jury, and verdict rendered in favor of the defendant.

The plaintiff made motion for a new trial, and based it on 27 grounds. It is not necessary to consider all of them. The court granted this motion. This ruling of the court is assigned as error by the defendant.

The plaintiff was 8 years old when injured. Each count of the complaint alleges that plaintiff was 8 years old.

The defendant files three special pleas, each being contributory negligence, to each count of the complaint.

[1] This court, in Cedar Creek Store Co. v. Stedham, 187 Ala. 622, 65 South. 984, unanimously declared the rule of contributory negligence applicable to children between the ages of 7 and 14 years to be as follows:

"Between the ages of 7 and 14 years children who are compos mentis are presumed to be incapable of contributory negligence, but that a child between the ages of 7 and 14 years may be shown by evidence to be capable of contributory negligence by showing that he possesses that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is 14 years of age."

[2] Do these pleas of contributory negligence measure up to the rule? We think not. Proper demurrers were assigned to each. The court overruled the demurrers. This was error.

Plea 2 avers: The plaintiff "appreciating and understanding said act and the danger thereof." Plea 3 avers: "Plaintiff appreciated and understood the same and the danger of running into said truck." The last plea (4) avers: Plaintiff "appreciating the danger of such fact and such act."

The foregoing rule requires the evidence to show that "plaintiff possessed that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is 14 years of age."

[3, 4] What the evidence must show the plea must aver. Neither plea measures up to the rule. A child 8 years old—the plaintiff—may "appreciate and understand an act and the danger of it," but did the plaintiff appreciate

and understand it and the danger of it, as discretely, as intelligently, as sensitively, as an ordinary child would have done at 14 years of age? This is the rule to guide the court on the pleadings, on the evidence, and in the charge of the law to the jury. Were these defects in the pleas cured by the oral charge of the court to the jury? We think not. The charge of the court material on this point reads:

"Between 7 and 14 the law says prima facie that a child is not old enough, not of sufficient discretion and maturity of judgment, to fully appreciate the dangers which it encounters, and that prima facie they cannot be guilty of contributory negligence; but that is a rebuttable presumption, and if a child is shown to have the discretion and maturity of judgment of a person 14 or over, or to appreciate the danger of the natural and probable consequences of his act, then a child may be guilty of contributory negligence, if the further averments of such charge of defendant are proven."

From this you will see the court states the rule disjunctively. One disjunctive averment gives the rule clearly, almost in the very language of the rule, if not in the words of the rule, then in the spirit of the rule. The other disjunctive statement of the law follows the contributory negligence rule contained in the pleas. Each disjunctive averment of the law in the oral charge to the jury should give the rule. One is good. The other is not. One follows the rule laid down by the law. The other follows that laid down by the pleas.

An 8 year old child may "appreciate the danger of the natural and probable consequences of his act," yet not appreciate it with as much discretion, intelligence, and sensitiveness as an ordinary child possesses when he is 14 years of age. He must have that kind of appreciation before the contributory negligence law applies to him.

When suit is by a child over 7 and under 14 years of age, the contributory negligence plea must aver facts constituting the plaintiff's negligence, and also aver in substance that the plaintiff, when injured, possessed that discretion, intelligence, and sensitiveness to the danger of the act which caused the injury as an ordinary child possesses when he is 14 years of age.

In this case the pleadings are defective, and the charge of the court on the pleadings and evidence is defective. The defective pleas caused no doubt a defective charge of the law to the jury. Cedar Creek Store Co. v. Stedham, 187 Ala. 622, 65 South. 984.

The court below properly granted plaintiff's motion for a new trial.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.