(91 South. 612)

SOUTHERN EXPRESS CO. et al. v. ROSEMAN. (6 Div. 149.)

(Supreme Court of Alabama. Nov. 3, 1921. Rehearing Denied Nov. 24, 1921.)

1. **Appeal and error** ☞1078(1)—Assignments not argued are presumed to be waived.

Assignments of error not argued by appellant are presumed to be waived.

2. **Trial** ☞244(4)—Requested charge singling out testimony of defendant's witnesses on subsequent negligence was properly refused.

In an action for death, a requested charge, whereby defendants attempted to acquit themselves of alleged primary negligence by improperly declaring as a matter of law that deceased was guilty of contributory negligence, and then to free themselves from subsequent negligence by singling out and bringing into special prominence the testimony of witnesses for defendants, was properly refused.

3. **Negligence** ☞83—Subsequent negligence requires time between discovery of peril and injury.

A truck driver could not be guilty of subsequent negligence after discovering the peril of plaintiff's son, if the injury could not be avoided after discovery of the peril by the application of all means at hand.

4. **Negligence** ☞136(29)—Contributory negligence of child question of fact.

A boy under the age of 14 is not chargeable with contributory negligence as a matter of law unless the undisputed evidence discloses facts showing contributory negligence, and also shows without dispute that the child is over 7 years of age and appreciated the danger and natural consequences of his act constituting such negligence with as much discretion, intelligence, and sensitiveness as an ordinary child possesses when 14 years of age.

5. **Municipal corporations** ☞706(8)—Requested charges boy playing in street must look and listen for automobiles held properly refused.

In an action for the death of a boy not 14 years old, who was not shown to have had the discretion and capacity of a boy of that age, where there was evidence that the street on which he was playing was seldom used by automobiles because of its bad condition, requested charges that it was the duty of the boy to look and listen for approaching automobiles were properly refused under the evidence.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Trial ⟨key⟩192—Charge can assume deceased was child, as shown by uncontradicted evidence.**

The oral charge can assume that deceased was a child, where that fact was shown by the uncontradicted evidence.

**7. Trial ⟨key⟩191(7)—Instruction held not to assume boy was incapable of appreciating danger.**

In an action for the killing of a boy by a motor truck, a charge that what would have been due care to an adult would not necessarily be due care to a child, who was not capable of taking care of himself, so that the test was whether defendant used the care of an ordinarily prudent person with reference to the circumstances confronting him, as for instance in dealing with a child of the same age and discretion and experience as the child in question, did not assume that plaintiff's son did not have sufficient discretion to appreciate the danger.

**8. Negligence ⟨key⟩85(3)—Boy under 14 is prima facie incapable of contributory negligence.**

After the age of 7 and up to the age of 14, it is a prima facie presumption that a boy is incapable of contributory negligence, but that presumption is only prima facie; the test being whether he had the intelligence, experience, and competency of a normal child of 14.

**9. Negligence ⟨key⟩85(3)—Charge explaining capacity of child held correct.**

A charge explaining the prima facie presumption that a child under 14 was incapable of contributory negligence by stating that the test is that children of ordinary childish prudence or intelligence and experience up to the age of 14 years are incapable of appreciating the danger to the extent they can commit contributory negligence is not erroneous.

**10. Appeal and error ⟨key⟩274(5)—Exception to application of subsequent negligence definition does not question correctness of definition.**

An exception to a portion of the oral charge applying to the facts in evidence the definition of subsequent negligence previously given does not raise the question of the correctness of the definition.

**11. Negligence ⟨key⟩141(9) — Charge on subsequent negligence held to require finding of time to avoid peril.**

A charge that, if defendant knew plaintiff's son was in danger, it would be incumbent on him to use all reasonable means at hand to avert the accident, and, if he failed or neglected to do so, that would be subsequent negligence, which would render him liable notwithstanding contributory negligence, was not objectionable because it failed to include the element of time after discovery of the peril in which to avoid the accident, since the other statements in the charge must of necessity have included that element.

**12. Negligence ⟨key⟩56(1)—Proximate cause of the injury essential to liability.**

All negligence is harmless in law, whether initiative, contributory, or subsequent, unless that negligence contributes as a proximate consequence to the injury.

**13. Trial ⟨key⟩234(7) — Charge requiring plaintiff to "prove" complaint imposes greater burden than the law does.**

A charge requiring the plaintiff to "prove" the allegations of his complaint requires him to establish the truth by testimony or other evidence, and places upon him a higher burden of proof than the law requires, since he is required only to establish the allegations to the reasonable satisfaction of the jury by the weight of the evidence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prove.]

**14. Appeal and error ⟨key⟩216(2)—Request for specific charge is essential to reversal for misleading charge.**

If the oral charge of the court is merely misleading, not clear and specific, but not positively erroneous or prejudicial, neither party can complain thereof if they fail to request explanatory charges in writing.

**15. Trial ⟨key⟩260(3)—Requested charges given for defendant held to cover refused requested charges on burden of proof.**

Charges requested by defendant and given by the court that if defendant was operating the motor truck in a careful and prudent manner, plaintiff could not recover, that if the jury found that plaintiff's son ran in front of the approaching truck and that defendant did everything in the exercise of reasonable care to avert the accident the verdict must be for defendants, and that if the plaintiff's son was killed as the result of a mere accident verdict must be for defendants, sufficiently covered other requested charges which were refused as to the burden on plaintiff to prove the negligence alleged.

**16. Death ⟨key⟩99(3)—$15,000 for death of 13 year old boy held not excessive.**

A verdict awarding $15,000 as damages under Code 1907, § 2485, for the death of a 13 year old boy, who was a grade or two ahead of the average boy of his age in school, *held* not so excessive as to show partiality, passion, or prejudice, which would require the granting of a new trial, in the absence of evidence that the amount was assessed in an improper manner.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by Max Roseman against the Southern Express Company and another for damages for the death of his minor son. Judgment for the plaintiff, and defendants appeal. Affirmed.

The jury assessed the damages at $15,000. The other facts sufficiently appear from the opinion of the court.

Tillman, Bradley & Morrow, of Birmingham, for appellants.

The child was under duty to look and listen for automobiles, and his capacity was to

be judged with reference to his experience as to the particular danger from which his injury resulted. 166 Ala. 519, 52 South. 52; 190 Ill. 156, 60 N. E. 216, 52 L. R. A. 652, 83 Am. St. Rep. 123; 74 Kan. 606, 87 Pac. 747; 24 S. W. 869. Before subsequent negligence can be recovered for, it is essential that the peril of the injured individual be discovered in time to avoid the accident or injury. 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152; 121 Ala. 227, 25 South. 609; 163 Ala. 213, 50 South. 110; 131 Ala. 279, 30 South. 827; 57 Ala. 478. While the damages are punitive under the Homicide Act, yet the discretion of the jury is not unbridled. 12 Ala. App. 477, 67 South. 801; 165 Ala. 29, 50 South. 967; 97 Ala. 294, 11 South. 800; 16 Ala. App. 414, 78 South. 408; 48 Ala. 33. There was error in the oral charge of the court. 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152; 121 Ala. 227, 25 South. 609; and authorities supra. The verdict of the jury is excessive. Authorities supra.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

There was no duty on the boy to stop, look, and listen. 179 Ala. 115, 59 South. 597; 190 Ala. 281, 67 South. 283; 5 Ala. App. 538, 59 South. 775; 177 Ala. 304, 58 South. 277. Notwithstanding the negligence of the child, recovery may be had. 187 Ala. 622, 65 South. 985; 201 Ala. 141, 77 South. 565; 129 Ala. 336, 30 South. 600; 115 Ala. 395, 22 South. 135; 166 Ala. 608, 52 South. 49. The damages were not excessive. 204 Ala. 478, 86 South. 32.

MILLER, J. Max Roseman sues Southern Express Company and Irwin Blake for killing his minor son, Norman Roseman, who was between 12 and 13 years of age, averring that he was negligently killed in the public streets of the city of Birmingham, by running an automobile truck against him, which was operated by Irwin Blake for the Southern Express Company June 13, 1918.

There was only one count in the complaint when submitted to the jury. It charges simple negligence. There were several pleas—general issue, contributory negligence of deceased, and negligence of the father of deceased in permitting his son to play in the streets of the city where he was killed.

Norman Roseman was a school boy between 12 and 13 years of age, attending school located on the corner of Seventeenth street and Seventh avenue in Birmingham. He and several of his schoolmates were playing marbles—"dobbing"—trying to hit a marble with another marble. The evidence of plaintiff tended to show that the boys were standing in the street and shooting or throwing marbles at another marble near the curbstone which separated the street from the sidewalk; and the deceased and some

other boys were in the street playing this game when injured and killed by an automobile truck of the Southern Express Company, operated by Irwin Blake, striking and running over him; this street is not paved and is rarely used by trucks and automobiles; that the boys were playing marbles in the street, could be seen for several hundred feet by Irwin Blake before reaching them; that no alarm or signal was given by the operator of the approach of the truck before striking deceased, who was playing with his side toward the coming truck, and that it was running at 15 or 20 miles an hour and its speed was not slackened before the injury.

The evidence is in conflict as to the place where the boys were playing marbles. The evidence for plaintiff shows they were in the street, and the evidence for defendant that they were on the sidewalk. The evidence for defendant tended to prove that deceased was playing on the sidewalk, a playmate threw a marble into the street just in front of the truck, deceased ran suddenly in the street in front of the truck, attempted to grab the marble, and was struck and injured. Signals of the approach of the truck were given before the injury. The driver swerved the truck in the opposite direction from the deceased, applied the brakes, and stopped the truck as soon as practical and possible; the speed being at the time from 6 to 8 miles an hour.

The evidence tended to show deceased was "an average boy, 12½ years old, just finished his sixth grade," was one or two grades above boys of his age at school, and lived on a street where street cars and automobiles were constantly run.

[1] There are fifteen assignments of error. Nine of them are argued by the appellant. We will consider only these nine and presume the others are waived. Republic I. & S. Co. v. Quinton, 194 Ala. 126, 69 South. 604.

This written charge requested by the defendant was refused by the court:

"The court charges the jury that if you believe from the evidence in this case that the plaintiff's minor son ran or jumped from a place of safety in front of the automobile truck so suddenly and so immediately in front of the truck that the driver could not, by the exercise of all the means at hand, avoid striking and killing him, it is your duty to return a verdict in favor of the defendants."

[2] It fails to state if defendants were otherwise free from negligence. The defendants by this charge attempt to acquit themselves of alleged primary negligence by improperly declaring, as a matter of law, deceased was guilty of contributory negligence; and then to free themselves from subsequent negligence by singling out and bringing into special prominence the testimony of witnesses for defendants. This the law does not permit, and its refusal was not error.

[3, 4] Did the conduct, hypothesized in this charge of the boy, constitute contributory negligence? If yea, and as a proximate consequence thereof he was injured, then the defendant could not be guilty of subsequent negligence, if thereafter, when peril is discovered by them, the application of all means at hand to prevent the injury were used, and the "peril and catastrophe" being so close together in point of time that the injury could not be avoided after the discovery of the peril. Frazer, Adm'r, v. S. & N. Ala. R. Co., 81 Ala. 185, 1 South 85, 60 Am. Rep. 145. The undisputed evidence shows the boy's age between 12 and 13 when killed. This charge fails to state if the jury are reasonably satisfied the boy was injured as a proximate consequence of his acts and if they, the jury, are reasonably satisfied from the evidence that he appreciated the danger and consequences of his acts with as much discretion, intelligence, and sensitiveness as an ordinary child possesses when 14 years of age.

A child over 7 and under 14 years of age cannot be declared guilty of contributory negligence by the court as a matter of law unless the undisputed evidence discloses facts showing contributory negligence, and showing undisputedly that the child is over 7 and under 14 years of age, and appreciates the danger and natural consequences of his acts, constituting such, negligence, with as much discretion, intelligence, and sensitiveness as an ordinary child possesses when 14 years of age; and as a proximate consequence he was injured as declared in this charge. Indian Refining Co. v. Marcrum, 205 Ala. 500, 88 South. 445; Cedar Creek Store Co. v. Stedham, 187 Ala. 622, 65 South. 984; B'ham. & A. R. Co. v. Mattison, 166 Ala. 602, 52 South. 49. These principles of law were ignored in this charge.

[5] These two written charges were asked separately by the defendant, and refused separately by the court:

"The court charges the jury that it was the duty of plaintiff's son to listen for approaching automobiles on Seventh avenue."

"The court charges the jury that it was the duty of plaintiff's minor son to keep a lookout for approaching automobiles along Seventh avenue."

The deceased at his age, under the other conflicting testimony, cannot be declared guilty of contributory negligence as a matter of law, by not looking or listening for approaching automobiles. There is testimony that Seventh avenue, where the injury occurred, is not paved, is bad, and seldom used by automobiles. One witness testified:

"I know where the school was. I doubt very much if an automobile passes there once a month; I have been living there for 18 years and have hardly ever seen one pass. This is because the streets on Seventeenth street and Sixteenth are paved. On Seventh avenue, between that and Sixteenth, is not paved. It is a bad street. Automobiles go on Sixth avenue and Eighth avenue. They are both paved and Sixteenth and Seventeenth streets are paved. Unless a man had business with some one on that block, he would not ride between Sixteenth and Seventeenth street on Seventh avenue. It is a bad street."

It was the duty of the defendants to drive in such a reasonable way the truck that it would not injure the deceased; and whether or not it was the duty of deceased, at his age, playing on the sidewalk or street, to look and listen for a car, and failure to do so was negligence at all, is a question of fact to be answered by the jury, and not a question of law to be answered by the court under the peculiar, particular, and conflicting testimony of this case. Hence these charges were properly refused. Dozier v. Woods, 190 Ala. 279, 67 South. 283; Adler v. Martin, 179 Ala. 97, 59 South. 597; Barbour v. Shebor, 177 Ala. 304, 58 South. 276. The principles of law involved in these two charges are fully covered by these two written charges asked by defendants, and given by the court:

"The court charges the jury that if you believe from the evidence in this case that at the time complained of automobiles frequently passed and repassed along Seventh avenue, between Sixteenth and Seventeenth streets, and that plaintiff's son Norman Roseman knew that fact, and if you further believe from the evidence that said Norman Roseman had sufficient age, judgment, and discretion to appreciate the danger of playing in said Seventh avenue without keeping a lookout for approaching automobiles, and that he did realize and appreciate the danger of playing in said avenue without keeping a lookout, it was his duty to keep a lookout for approaching automobiles, and a failure on his part so to do, if you believe from the evidence that there was such failure, would constitute negligence on his part."

"The court charges the jury that if you believe from the evidence that the plaintiff's son was of sufficient age, judgment, and discretion to appreciate the danger of being struck by automobiles, and that he did appreciate the danger of remaining in a street along which automobiles were accustomed to run, if you believe from the evidence that automobiles were accustomed to run along said Seventh avenue, it was his duty to keep a lookout for approaching automobiles."

[6, 7] The defendants excepted to the following part of the oral charge of the court to the jury:

"What would be, in other words, due care to an adult, would not necessarily be due care to an infant; or, in other words, a person in the streets exercising due care as a reasonably careful and prudent person would exercise, would do one thing when he had to deal, perhaps, with an adult, when to do the same identical thing might be an imprudent thing, or negligence, when dealing with a child of tender years, who was not capable of taking care of

himself. So that I say that the test always is: Did the person or actor, the defendant in this case, use the care of an ordinarily prudent person with reference to the circumstances that confronted him, as for instance in dealing with a child of the same age and discretion and experience as the child in question?"

This charge assumes only that deceased was a child. His age, under 14, as proven and uncontradicted, showed him a child, as applicable to the law of this case. This excerpt from the oral charge does not assume that the driver of the truck was dealing with a person legally incapacitated to appreciate the danger from it; but, on the contrary, it declares:

"I say the test always is: Did the person or actor, the defendant in this case, use the care of an ordinarily prudent person with reference to the circumstances that confronted him, as for instance in dealing with a child of the same age and discretion and experience as the child in question?"

It leaves all questions for the jury, except it declares the deceased a child—being under 14 years of age. In this there was no error. B'ham. & A. R. Co. v. Mattison, 166 Ala. 602, 52 South. 49, and other authorities, supra, on this subject.

The defendants except again to the following part of the oral charge of the court:

"After the age of seven years and up to fourteen it is a prima facie presumption that a child is incapable of committing contributory negligence. That is only a prima facie presumption, or in other words, the test is, that children of ordinary, the average child of ordinary childish prudence, so to speak, or intelligence and experience and competency, up to the age of fourteen years is incapable of appreciating the danger to the extent that he can commit contributory negligence."

[8, 9] The first sentence of the above charge is in the very spirit and probably the exact words of the rule of law. The balance of the charge explaining and amplifying on the other is within the spirit and clear intent of the rule. A child between 7 and 14 years of age with ordinary prudence, intelligence, experience, and competency, up to the age of 14 years, is incapable of appreciating the danger to the extent that he can commit contributory negligence. This is the meaning of the charge. It is in full accord with the rule —a child to be capable of committing contributory negligence when between 7 and 14 years of age must be shown to "possess that discretion, intelligence and sensitiveness to danger, which an ordinary child possesses when he is fourteen years of age." If his "prudence, intelligence, experience and competency remain ordinary" until he is 14 years of age, then, prior to 14 years of age, he is "incapacitated to commit contributory negligence," as his appreciation of the danger is not as fully developed as an ordinary child at 14 years of age. Indian Refining Co. v. Marcrum, 205 Ala. 500, 88 South. 445; Cedar Creek Store Co. v. Stedham, 187 Ala. 622, 65 South. 984.

The court again charged the jury orally, to which the defendants excepted. It was as follows:

"And failing to use all the means at hand to prevent the accident, the defendant would still be liable on the theory of subsequent negligence notwithstanding that I have just explained that there was initial negligence on the part of the defendant to start with, offset by the contributory negligence on the part of either the child or the parent; notwithstanding there was an offset as I have just explained to you, yet if there be subsequent negligence as I have just defined to you, then there would still be a right of recovery."

[10, 11] The defendants did not except to the oral definition of "subsequent negligence" given orally to the jury by the court, but excepted to the foregoing excerpt from the oral charge. If its definition of "subsequent negligence" was incorrect, then exception thereto direct should have been reserved by the defendants instead of this reference to it. They are all in the same sentence. The defendants except to a part but not all of the sentence. The court in its oral charge had just explained to the jury how initial negligence of defendants, as charged, if true, could be set off with contributory negligence of deceased or his father, as pleaded, if true, and there would be no right of recovery. Immediately the court spoke said sentence as follows:

"But, assuming that to be the case, if the defendant should come into such relations with the plaintiff, and should know that the plaintiff was in danger of being hurt, then it would be incumbent upon the defendant to use all reasonable means at hand to avert and prevent the accident, and if at that point, coming to a knowledge of the danger of the plaintiff, the defendant then still from that point on failed or refused or neglected, I should say, to use all reasonable means at hand available to him to avert or prevent the accident, then that would be what is known as subsequent negligence, and, failing to use all the means at hand to prevent the accident, the defendant would still be liable on the theory of subsequent negligence; notwithstanding that I have just explained that there was initial negligence on the part of the defendant to start with, offset by the contributory negligence on the part of either the child or the parent; notwithstanding there was an offset, as I have just explained, yet if there be subsequent negligence, as I have just defined to you, then there would still be a right of recovery, unless, after he was guilty of subsequent negligence, or concurrent therewith, there was also still contributory negligence on the part of the plaintiff, the child or the father, such negligence as I have defined to you a child is capable of committing."

The defendants object to this part of the oral charge because the court in defining subsequent negligence failed to state to the jury that the peril of deceased must be known or discovered by defendants in time to avoid the accident. The court charges the peril of deceased must be known to defendants, but fails, as defendants contend, to state that it must be known "in time to avoid the accident."

The court did not use the word "time" here, but expressed other things in the oral charge to the jury that must, from necessity, include time to avoid the injury after the peril is discovered by defendants in giving the law on subsequent negligence. The court also on this subject said to the jury:

"That when the defendant knows of the peril and dangerous situation of the plaintiff and thereafter fails to use all the means at hand to prevent the accident, that is known as subsequent negligence, and that is then said to be the proximate cause of the injury, and the antecedent negligence would be the remote cause."

[12] All negligence is harmless in law, whether initiative, contributory, or subsequent, unless that negligence contributes as a proximate consequence to the injury. The negligence, to be harmful, "must be the immediate cause rather than the remote cause" of the injury. Knowing this, the court also orally charged the jury:

"Whether the negligence be on the part of the defendant, or contributory negligence on the part of the plaintiff, it must proximately contribute to the result, and must be the immediate cause, rather than the remote cause."

The subsequent negligence to be effective must proximately contribute to the injury, and be the "immediate rather than the remote cause" of it. The court practically so charged the jury in a previous quotation from the oral charge as well as in the above quotation. If the subsequent negligence contributed proximately to or was the immediate cause of the injury, then, from necessity, time to avoid it was included therein; and it would be the immediate cause, and the prior contributory negligence, if true, would be the remote cause of the injury. If the defendants, after discovering the danger of deceased, did not have time to avoid the injury by using all means in their power, then their subsequent negligence would not be effective or actionable, as it would not be the immediate but be the remote cause of the injury. The contributory negligence would then, if proved, be the immediate cause, and the subsequent negligence the remote cause of the injury.

Initiative negligence of defendants, if true, to be actionable must contribute as a proximate consequence to the injury. This initiative negligence of defendants may be set off by the contributory negligence of the plaintiff, if true, if this contributory negligence contributed as a proximate consequence to the injury. The defendants may be liable for subsequent negligence, if, after discovering the danger or peril of deceased, they failed or refused to use all means at their hands and in their power to avoid the injury, and thereby contributed as a proximate consequence to the injury.

If there was "no time to avoid injury" after discovering the danger or peril of deceased, then the subsequent negligence—failing to use all means at hand to prevent it—would not be the proximate, immediate cause of the injury; it would be the remote cause. So the expression, "in time to avoid the injury," means "that the subsequent negligence, in order to be effective, must be the proximate cause of the injury," and not the remote cause. Chief Justice McClellan, in Central of Georgia R. Co. v. Foshee, 125 Ala. 199, 27 South. 1006, recognized this principle when he wrote, with the approval of the court, this:

"Her negligence would not be the cause of the injury, nor contributory thereto, but merely the cause of a condition upon which the negligence of the engineer in failing to use all means in his power to avoid the injury after becoming aware of her peril, operated to and as the sole cause of her death."

See, also, Memphis & Charleston R. Co. v. Martin, 131 Ala. 279, 30 South. 830.

[13] The defendants also complain at this part of the oral charge because "it does not require the jury to believe from the evidence or to be reasonably satisfied from the evidence of the existence of the hypothesis upon which recovery is authorized." The court required the plaintiff "to prove" his complaint. It charged the jury:

"In other words, the first duty on the part of the plaintiff is to prove that the defendants were guilty of negligence. That is the burden that he assumes to make out his complaint."

[14] "To prove" means, as here used, according to Mr. Webster, "to establish or ascertain as truth by testimony or other evidence." The court placed on the plaintiff a higher burden of proof than the law requires. The law requires the proof to establish the allegations of the complaint, to be made to the reasonable satisfaction of the jury by the weight of the evidence. The court required the plaintiff "to prove as truth" the allegations "by testimony or other evidence." The defendants have from this no ground to complain at the court. If the oral charge of the court is merely misleading, not clear and specific, but not positively erroneous or prejudicial, either party may, and it is their duty to, request explanatory charges in writing of the court to make the law clear and plain to the jury. They cannot complain at the charge of the court if they fail to do so.

[15] The defendants asked many written charges that were given by the court. These four, given in writing at their request, make clear and certain all matters complained of by them on this subject in the refused written charges:

"If you believe from the evidence that the defendant Irwin Blake was operating the truck at and prior to the accident complained of in a reasonably careful and prudent manner, then the plaintiff cannot recover anything in this case, and your verdict must be in favor of the defendant."

"If you believe from the evidence that Irwin Blake was operating the truck in a reasonably careful and prudent manner prior to and at the time of the accident complained of, and if you further find from the evidence that Norman Roseman ran after a marble into the street and in front of the approaching truck, and if you further find from the evidence that said Blake did everything in his power in the exercise of reasonable care to avert the accident as soon as Norman Roseman's peril was discovered, then your verdict must be in favor of the defendants."

"If you believe from the evidence in this case that the truck was being run in a proper manner, and that plaintiff's minor son ran suddenly from a place of safety so immediately in front of the automobile truck that the driver of the automobile truck, Irwin Blake, could not, by the exercise of all the means at hand, avoid striking him, it is your duty to return a verdict in favor of the defendants."

"If you believe from the evidence that the plaintiff's son met his death as a proximate cause of a mere accident, it is your duty to return a verdict in favor of the defendants."

The written charges requested by defendants and given by the court are numerous. They cover every phase of the law applicable to the testimony which is not made plain by the oral charge. In many instances, they state the law more favorably to the defendants than it is written. These charges make clear and certain the law of the oral change at which the defendants complain.

[16] There was motion for new trial. It is based on alleged misconduct of some jurors playing dominoes with plaintiff's witnesses, and, by inference, probably talking about the case, and on the amount of the verdict being excessive. The charge of misconduct of the jurors is uncertain and indefinite. The proof does not sustain it. The counter affidavits disprove it. The amount of damages to be awarded for wrongful homicide rests largely in the sound discretion of the jury. It must be exercised by the jury with sound and legal discretion, with due regard to and careful consideration of all the facts and circumstances surrounding the commission of the alleged wrongful homicide. It must be based on the facts of the case. When based on passion, partiality, prejudice, or any such improper motive, or

is clearly excessive under the facts, the wrong will be righted by the courts. Section 2485, Code 1907; Southern Express Co. v. Malone, 16 Ala. App. 414, 78 South. 408; Richmond, etc., R. Co. v. Freeman, 97 Ala. 294, 11 South. 800; West v. Spratling, 204 Ala. 478, 86 South. 34.

We have considered this evidence carefully. From it we cannot say the amount of the damages was excessive or assessed by the jury in any improper manner or in any wrongful way or under any partiality, passion, or prejudice. The court therefore did not err in overruling the motion for a new trial.

As we find no error in the record, the case is affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.