(95 South. 50)

## BALL v. SEMET–SOLVAY CO. (6 Div. 741.)

(Supreme Court of Alabama. Jan. 11, 1923.)

**1. Railroads ⬩==383(3)—One crossing tracks held guilty of contributory negligence.**

One crossing a railroad track at a point where there was no obstruction to the view except a pillar 5 feet square, located 45 inches from the track, *held* guilty of contributory negligence proximately causing his death from injuries by a car propelled by motor engine running 12 to 15 miles an hour.

**2. Railroads ⬩==390—Subsequent negligence rule held inapplicable.**

Where deceased was struck as he stepped on the railroad track *held*, that defendant was not guilty of subsequent negligence, as there was not sufficient time to discover the peril and prevent injury.

**3. Railroads ⬩==391(1)—Wanton negligence rule held inapplicable.**

Where deceased stepped on defendant's railroad track and was struck by a car propelled by a motor engine running 12 to 15 miles an hour *held*, that defendant was not guilty of wanton negligence.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by Jack Ball, as administrator of the estate of William Ball, deceased, against

Semet-Solvay Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Ivey F. Lewis, of Birmingham, and Brown & Ward, of Tuscaloosa, for appellant.

Under the circumstances shown, the question of defendant's liability under counts charging willfulness or wantonness should have been submitted to the jury. 186 Ala. 119, 65 South. 153; 179 Ala. 304, 60 South. 927; 167 Ala. 281, 52 South. 889; 169 Ala. 327, 53 South. 150; 189 Ala. 604, 66 South. 580; 206 Ala. 432, 90 South. 605; 204 Ala. 694, 87 South. 181. The general charge should not be given, where a material fact rests in inference. 206 Ala. 552, 91 South. 77; 207 Ala. 7, 91 South. 808; 87 Ala. 305, 6 South. 196; 199 Ala. 571, 75 South. 159; 167 Ala. 281, 52 South. 889.

Foster, Verner & Rice, of Tuscaloosa, for appellee.

The track being a private track, a part of a private plant, located wholly on private premises, used strictly for private purposes, defendant was in no sense a common carrier; and the path used by plaintiff in crossing the track was not a public crossing. 197 Ala. 151, 72 South. 328. Where plaintiff's evidence shows that his own negligence proximately contributed to the injuries complained of, defendant is released of the burden of proving such negligence in support of its plea of contributory negligence. 172 Ala. 560, 55 South. 218. When one is about to cross a railroad track, he must stop, look, and listen; and where obstructions interfere, it is all the more his duty to so stop, look and listen. 125 Ala. 199, 27 South. 1006; 172 Ala. 560, 55 South. 218; 192 Ala. 392, 68 South. 277; 191 Ala. 622, 68 South. 139; 196 Ala. 133, 72 South. 67.

MILLER, J. Jack Ball, as administrator of the estate of William Ball, deceased, filed this suit under the homicide statute, section 2486 of the Code, to recover damages of Semet-Solvay Company, a corporation, for the death of intestate, his son, who was killed by being run over by a car or train of defendant while he was attempting to cross its railway track. The deceased, when killed, was a minor in the eighteenth year of his age.

The case was submitted to the jury on the evidence under nine counts in the complaint. Some of the counts based recovery on simple negligence, some subsequent negligence, and some wanton negligence and intentional injury. The defendant pleaded to each count the general issue in short by consent with leave to give in evidence anything that might be specially pleaded, on which issue was joined by the plaintiff. The general affirmative charge with hypothesis in favor of the defendant was requested in writing by the defendant, and it was given by the court. There was a verdict for the defendant and judgment thereon by the court. The plaintiff filed motion for new trial on the ground the court erred in giving that charge to the jury. The court overruled this motion for the new trial. From that judgment the plaintiff appeals. It is assigned as error, and whether the court erred in giving that charge for the defendant is the only question presented by this appeal for the consideration of the court.

The defendant is a manufacturing corporation. The injury occurred at Holt, an industrial village, and the people who live there are in the employ of the defendant or the Central Iron & Coal Company. The defendant operates one plant and the Central Iron & Coal Company, a corporation, operates two plants at this place. The intestate at the time of his death was an employé of the Central Iron & Coal Company, and was going from his home with his brother to the plant to work. He had to cross the railroad track of defendant, and while so doing was killed by a car propelled by a motor engine of defendant, which was being operated by Jack Boyd, an employé of the defendant. The engine was backing the car [one car] from the tipple to its plant when the injury occurred. The engine was used to haul coke from the plant up grade to the tipple or dump, and would then run back down grade, car in front, to the plant. This was a continuous work during the day. The deceased was killed in or near the middle of the track which was from 200 feet to 200 yards from the tipple; the railroad was straight from there to the tipple, and there was nothing to obstruct the view of the railroad track from the tipple to the place of the injury on the route traveled by the deceased, from 93 feet before he reached the railroad track, except a concrete pillar 8 feet high and 5 by 5 feet square, located 45 inches from the railroad track.

It is without dispute that this entire railroad track is located on land leased by the defendant; the track was used and the train was operated for defendant's own private use in hauling coke from its ovens to its tipple, storage works or dumps.

There were three places fixed by the defendant for persons to cross this track in going from their homes to, and returning from their work at, the plants of the Central Iron & Coal Company. These places had steps and banisters. There was evidence that the people crossed at any place on this track, but were permitted by defendant to cross only at the three places prepared for them. Where defendant's intestate was crossing the track, when injured, was a path used by him and others. It was a new cut or cut-off path, but was not one of the three crossings fixed by the defendant.

Only one witness was examined who saw the accident. There was no evidence that any one else saw him killed. This person was his brother. They were going to their

work together. It was nearly 7 o'clock in the morning. The deceased was about 75 to 100 feet in front of his brother, Ed. Ball. His brother testified he did not hear the whistle blow or the bell ring. There was evidence that there was attached to the axle of the car a bell that rang and was ringing every time the axle turned that morning. There was no flagman on the rear of the car as it returned. This brother of deceased, the only eyewitness to the killing, testified for plaintiff in part on direct-examination as follows:

"That he and his said brother William were going to work between 6 and 7 o'clock in the morning, he being some 75 or 100 feet behind William when they got around to the Semet-Solvay plant to the railroad track where the motor engine came along, and he saw the motor striking his brother William; that he broke and hollered at the motorman to stop; that they had then run over William and had dragged him, he guessed 40 or 50 feet; that he did not hear either the bell ring on the motor car nor the whistle blow; that there was a lot of fuss going on around there at the time from the works that were in operation at Holt; that his brother William was killed, and the car that killed him stopped down below the defendant's office, just below the path where they were intending to cross the railroad track; that he was over 75 to 100 feet behind his brother on their way to work, and that his brother did not get out of his sight; that he was not keeping his eye directly on his brother, but just looked up and saw him as the car was striking him; that his brother was then on or about the center of the track going toward his work at the furnace, which was towards the river; that he then went running behind the car waving his hand and hollering at the motorman to stop and the motorman did stop; that he did not hear either the whistle blow or the bell ring on the car; that the path they were traveling passed over the track just below the defendant's plant, and between there and the office; that William was on this path when the car hit him."

[1] The decedent had to cross over a dirt road, an open space just before reaching the track. There were no obstructions to the view. The train was running 12 to 15 miles an hour. If the plaintiff's intestate had stopped, looked, and listened before passing the concrete pier which was 5 by 5 feet square or after passing it, which was 45 inches from the track, as it was his duty to do before attempting to cross the track, he would have seen the approaching train. L. & N. R. R. Co. v. Moran, 190 Ala. 108, 66 South. 799; Sims v. A. G. S. R. R. Co., 197 Ala. 151, 72 South. 328.

It is obvious that he was guilty of contributory negligence, which proximately contributed to his death, from the undisputed evidence, from the evidence of his brother, the only eyewitness, in failing to stop, look, and listen before attempting to cross the track or in going on the track in front of the approaching train, either with full knowledge of the situation and thus taking his chances, or else without knowing of the approaching train, under conditions where, if he had taken any precaution at all to stop and look before attempting to cross, he would have seen the approaching car. Sims v. A. G. S. R. R. Co., 197 Ala. 151, 72 South. 328; Cent. of Ga. Ry. v. Foshee, 125 Ala. 199, 27 South. 1006.

In one place his brother says: "He saw his brother when he walked on the track and the car striking him, his brother being about the middle of the track;" then he says: "That the car was striking him; when he stepped upon the track it struck him;" then, again, he says: "He looked up and saw him as the car was striking him, that his brother was then on or about the center of the track going toward his work at the furnace." Evidently the approaching train was in sight of him— yes, near; close at, the intestate—when he attempted to cross the track, because he was struck when "he stepped upon the track," or by the time he reached the middle of it, crossing it, going to his work, according to the evidence of the plaintiff by the testimony of the brother of decedent. This being true, from the plaintiff's testimony, which was undisputed, it would be immaterial whether there was any evidence showing or tending to show the defendant was guilty of simple negligence as charged in some counts in the complaint, because the plea of contributory negligence, answering the simple negligence counts, was established by the evidence without dispute. L. & N. R. Co. v. Williams, 172 Ala. 560, 55 South. 218; Cent. of Ga. Ry. Co. v. Foshee, 125 Ala. 199, 27 South. 1006; Sims v. A. G. S. R. R. Co., 197 Ala. 151, 72 South. 328.

[2] We find no evidence and no evidence tending to show the defendant or its engineer guilty of subsequent negligence. There was no evidence that the engineer saw the deceased or knew of his perilous position before the injury; and plaintiff's evidence shows there was no subsequent negligence by defendant or its engineer as there was not sufficient time after the decedent went on the track for the engineer to discover his perilous condition and prevent the injury. The plaintiff shows he was struck as he stepped on the track or was struck by the time he reached the center of the track as he was crossing it going to his work. Sims v. A. G. S. R. Co., 197 Ala. 151, 72 South. 328; Southern Ex. Co. v. Roseman, 206 Ala. 681, 91 South. 612.

[3] It is useless to recite any more of the evidence or to discuss it further in this opinion. We have read it, and have reached the conclusion that it does not sustain by positive proof or by reasonable inference therefrom, that the defendant or its engineer were guilty of wanton negligence or intentional injury as charged in some of the counts, as the rule requires the evidence on those subjects. There was not sufficient evidence for

the court to submit the question of wanton negligence or intentional injury to the jury. Neither the evidence offered nor reasonable inferences therefrom tended to prove the averments of those counts in the complaint. Bailey v. Southern Ry. Co., 196 Ala. 133, 72 South. 67; A. G. S. R. Co. v. Linn, 103 Ala. 134, 15 South. 508; L. & N. R. Co. v. Porter, 196 Ala. 17, 71 South. 334; M. & C. Ry. Co. v. Martin, 117 Ala. 367, 23 South. 231.

It affirmatively appears, without dispute, from the evidence that plaintiff's intestate was guilty of contributory negligence which proximately contributed to his injury and death. This was a complete defense to the simple negligence counts. The evidence was also clear and undisputed that defendant was not guilty of subsequent negligence. Neither the proof nor reasonable inferences therefrom tended to establish the averments in the wanton negligence and intentional injury counts. So the court properly gave the jury for the defendant that general affirmative charge, with hypothesis, and did not err in overruling the motion for a new trial.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.