CARROLL, DONALD K., Acting Chief Judge.
The defendants in an automobile-pedestrian negligence action have appealed from a final judgment for the plaintiffs by the Court of Record for Escambia County, based upon a jury verdict.
The principal question presented for our determination in this appeal is whether the trial court erred in refusing to instruct the jury as to the minor plaintiff’s contributory negligence pursuant to the law of Alabama.
*341 Briefly stated, the evidence at the trial established that on the date in question the defendant Raymond Campbell, an 18-year-old boy, was driving the automobile of his father, the defendant Harvey Campbell, in an easterly direction on a U.S. highway near Lillian, Alabama, with five other teenagers in the said automobile.
Raymond testified that he had slowed down to about 40 miles per hour and, when he was about a quarter of a mile from where the collision occurred, he saw the minor plaintiff, Larry Washington, and another, smaller boy on the north shoulder of the road; that the two boys appeared to be watching traffic as if they were about to cross the road; that two westbound cars passed them and apparently Larry started out onto the road and was on the paved surface when Raymond first realized that Larry was crossing and started applying the brakes; that Larry hesitated and continued across the road, and then Raymond applied the full brakes and blew his horn, but he skidded and was unable to stop the automobile before its right front fender struck Larry very close to the edge of the road. In our opinion, the foregoing testimony of Raymond himself reasonably supports the conclusion of the jury that Raymond was negligent and that his negligence proximately caused Larry’s injuries. This was a question for the jury’s determination.
In their answer to the complaint, however, the defendants included a defense that Larry was guilty of negligence that was a contributing cause of his injuries. At the trial, however, the court refused to charge the jury as to any contributory negligence of Larry.
In their main appellate brief the defendants contend that Alabama, where this collision occurred, follows the rule recognized in some jurisdictions that there is a rebut-table presumption of incapacity to be negligent as to children between 7 and 14 years of age, while the Florida rule is “that the capacity of the child to be contributorily negligent is to be determined upon the facts of each case rather than by an arbitrary age classification.”
In support of their contention as to the Alabama rule, the defendants cite and heavily rely upon the Alabama cases of Birmingham & A. R. Co. v. Mattison, 166 Ala. 602, 52 So. 49 (1909), and Indian Refining Co. v. Marcrum, 205 Ala. 500, 88 So. 445 (1921).
Whatever may have been the former rule in Alabama, the present-day rule in that state was recognized by the Alabama Supreme Court in McGough Bakeries Corporation v. Reynolds, 250 Ala. 592, 35 So.2d 332 (1948), in what that court held:
“The rule has long been established in this jurisdiction that children between the ages of seven and fourteen who are compos mentis are presumed to be incapable of contributory negligence, but a child between those ages may be shown by evidence to be capable of contributory negligence by showing that he possesses that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is fourteen years of age. Birmingham R. Light & Power Co. v. Landrum, 153 Ala. 192, 45 So. 198, 127 Am.St.Rep. 25.
“The pleas of the defendant as to the contributory negligence of the ten-year-old boy were insufficient for failing to allege that he possessed that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is fourteen years of age. This is in accord with the holding of this court in the case of Indian Refining Co. v. Marcrum, 205 Ala. 500, 88 So. 445.
“The rule announced in the Landrum case, supra, is not in accord with the rule in many states, but it has stood undisturbed in this jurisdiction for more than forty years, in spite of efforts exerted to have us depart therefrom. See Cedar Creek Store Co. v. Stedham, 187 Ala. 622, 65 So. 984.”
*342 Subsequently, the Alabama Supreme Court in Alabama Power Co. v. Bowers, 252 Ala. 49, 39 So.2d 402 (1949), adhered to the above-quoted rule and affirmed the trial court’s refusal to allow the jury to consider the question of contributory negligence.
Applying the modern Alabama rule, as set forth in the first paragraph of the above quotation from the McGough decision, we do not find sufficient evidence in the trial record before us that Larry was “capable of contributory negligence by showing that he possesses that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is fourteen years of age.”
Therefore, we hold that, even applying the above modern Alabama rule, the trial court in the case at bar, did not err in refusing to charge the jury as to the question of Larry’s contributory negligence.
We have considered the other points raised by the defendants in this appeal and find those points to be without substantial merit.
Therefore, the final judgment appealed from herein should be and it is
Affirmed.
WIGGINTON and RAWLS, JJ., concur.