(119 So. 667)

## WATSON v. INGALLS (two cases).
### (3 Div. 872, 879.)

Supreme Court of Alabama. Jan. 17, 1929.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

GARDNER, J. Charles Ingalls, Jr., was struck down by a car operated by A. C. Watson, Jr., and brought suit to recover damages for the injuries sustained. From a judgment for the plaintiff, defendant appeals. Charles Ingalls, the father of the boy so injured, incurred considerable hospital and medical expense, and sued separately for the damages he sustained as a result of the accident. The father also recovered a judgment, and defendant appeals. The two cases are here submitted by agreement of counsel as one appeal, controlled by a single bill of exceptions, and to be determined as if the appeals had been separately taken.

As to both cases, defendant insists that no actionable negligence on his part has been shown. Omitting nonessential details, the case may be embraced within a narrow compass of discussion. For convenience the boy will be referred to as the plaintiff.

These cases were tried before the court without a jury upon the oral testimony of the witnesses. Under these circumstances, it is well established rule that, where there are disputed issues of fact or conflicting inferences to be drawn therefrom, the conclusion of the trial judge thereon will not be here disturbed, unless found to be plainly erroneous or manifestly wrong. Halle v. Brooks, 209 Ala. 486, 96 So. 341; Hackett v. Cash, 196 Ala. 403, 72 So. 52; Bookmiller v. Jones, 216 Ala. 298, 113 So. 32.

We will briefly state the tendencies of the evidence, some of which were in dispute. The accident occurred on Park avenue, Cloverdale, in the evening of December 8th, after 6 o'clock, and after it was dark. The street was paved, narrow, and much traveled, particularly at this hour, and with all of which it may be inferred defendant was well acquainted. One witness, as to the travel, states that at this hour it was an average "at least a car every minute." The avenue is not straight, but curved; one witness stating that from the point of the accident to the point on Ridge avenue where plaintiff entered Park avenue "is a sharp curve." Another witness testified it was "curved enough to throw the lights out in front so you can't see where you are going; throw the lights in front rather than down the street." Defendant, entering Park avenue, was traveling east and on a decline. There are no sidewalks, and this avenue is used alike from curb to curb by pedestrians as well as vehicles. Plaintiff, with his companions, had been playing hockey on skates in the street. Defendant, as he entered Park avenue, saw these boys playing in the street, and testifies he blew his horn, but each of the boys state they heard no horn blown. Defendant further testifies, the moment he saw them, he "slowed down" and continued down the street, passing two of the boys on his left; that plaintiff was further down to the right, standing on the curb, and having passed the two boys he increased his speed gradually for a distance of 25 to 35 feet, and when within 10 feet of plaintiff he discovered he was going to move, and he put on his brakes and the emergency. Plaintiff, going straight across in front of the car, was struck by the left fender. Defendant did not blow his horn or give other signal upon seeing plaintiff standing on his skates to the right in the street at the curb, but, if the horn was blown, it was at a distance from plaintiff of 150 feet. He did not slacken his speed, as he did for the other boys, but, on the contrary, had "increased the speed slightly," to use his language. Defendant further testifies his speed was from 20 to 25 miles per hour; not over 25. Plaintiff's father testifies defendant told him he was going 25 miles an hour, "and he may have been going 30, but he didn't think he was going 30 miles an hour; * * * that he was going full tilt when he struck Charles." Defendant denies this conversation. Defendant insists he was on the right side of the street, but there was evidence tending to show that his car had moved to the left side, and was on that side of the avenue when plaintiff was struck. Plaintiff saw no lights from the car and heard no horn. He had started across from the south curb to the north curb of the street, and the testimony tends to show that he had gotten two-thirds of the distance when struck—"one or two steps to get across."

"What is the exercise of reasonable care by an operator of a motor vehicle on public highways depends upon the circumstances of the particular case. * * *" The terms "ordinary care" and "reasonable prudence," as applied to the conduct and the affairs of men, are declared to have only a relative significance, depending upon the special circumstances and surroundings of the particular case, and to defy arbitrary definition. White Swan Laun. Co. v. Wehrhan, 202 Ala. 87, 79 So. 479. "A child of tender years has capacity to exercise only such care and self-restraint as belongs to childhood. Reasonable men are presumed to know this, and

must govern themselves accordingly." Jones v. Strickland, 201 Ala. 138, 77 So. 562.

■■ At the point of the accident is the sharpest curve of the avenue. There was evidence tending to show that on this account the lights of the car were thrown on adjacent property, and not down the street, and that the view was thus obstructed. The failure of defendant, under these circumstances, to blow the horn or give other signal of warning, would be violative of a statutory duty (section 6265, Code of 1923), and constitute actionable negligence. But upon defendant's theory, and according to his testimony, we think actionable negligence might be inferred. "Children of immature age are not regarded as possessing the same mental capacity to understand and realize the dangers incident to the use of the public thoroughfares as are those whose minds the law regards as having matured." Huddy on Automobiles, quoted in White Swan Laun. Co. v. Wehrhan, supra; Reaves v. Maybank, 193 Ala. 614, 69 So. 137; So. Exp. Co. v. Roseman, 206 Ala. 681, 91 So. 612.

■■ According to defendant's testimony, he saw these boys playing in the street on skates. After passing two of them, he noted plaintiff (who was small of stature) standing at the curb in the street on his right. He gave him no warning signal and did not lower his speed, but, on the contrary, increased it. His duties at the moment are to be measured in the light of the fact that plaintiff was a boy of immature years, lacking in judgment and discretion of adults, and should have governed himself accordingly. Had he blown the horn (section 6265, supra), or given signal of warning, or had he slackened his speed, rather than increased it, the accident might have been averted, as there is evidence tending to show that, "one or two more steps," and the plaintiff would have crossed over into safety. These conclusions are reached without regard to the tendencies of the evidence that defendant was driving on the "wrong side" of the street. Morrison v. Clark, 196 Ala. 670, 72 So. 305.

■■ The insistence on defendant's part that actionable negligence has not been shown is without merit. The argument is further pressed that, as to plaintiff's case, he was guilty of contributory negligence which should bar recovery. The plaintiff, at the time of the accident, was 11 years of age.

There is no evidence that he was possessed of intelligence, judgment, or discretion above the average boy of his age. The settled rule in this jurisdiction is "that between the ages of 7 and 14 years children who are compos mentis are presumed to be incapable of contributory negligence, but that a child between the ages of 7 and 14 years may be shown by evidence to be capable of contributory negligence by showing that he possesses that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is fourteen years of age." Cedar Creek, etc., Co. v. Stedham, 187 Ala. 622, 65 So. 984; White Swan Laun. Co. v. Wehrhan, supra. "The fact that an infant is shown to be bright, smart, and industrious is not sufficient to overcome the presumption of want of discretion." Jones v. Strickland, supra.

The trial judge had the boy before him for observation and there was clearly lacking sufficient evidence to overcome the presumption of incapacity on account of age. The question of contributory negligence is therefore eliminated from plaintiff's case.

As to the case of the father, defendant insists he was guilty of contributory negligence in permitting the boy to have skates and play on this avenue. The cases cited by defendant (Pratt Coal Co. v. Brawley, 83 Ala. 371, 3 So. 555, 3 Am. St. Rep. 751; A. G. S. R. R. Co. v. Dobbs, 101 Ala. 219, 12 So. 770) are readily distinguishable from the instant case.

■ Conceding, without deciding, negligence on the father's part, had he known his son was playing hockey on skates on this much-traveled avenue, yet the evidence does not sustain that conclusion. He testifies that his son has had skates several years, but he did not know he ever played hockey "out there in the street; '* * * never heard about that at any time." This is practically the extent of his examination upon that question, and no other evidence material thereto. It is too clear for discussion the theory of contributory negligence, to bar a recovery by the father, cannot be rested upon such proof.

It results as our conclusion that no reversible error appears in either case, and the judgments on both appeals will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.