(134 So. 868)

NEWELL CONTRACTING CO. v. BERRY.

3 Div. 232.

Supreme Court of Alabama.

May 21, 1931.

See, also, ante, p. 109, 134 So. 870.

White E. Gibson, of Birmingham, and W. H. Mitchell, of Florence, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

**GARDNER, J.**

Plaintiff, while approaching the city of Florence from the north in his car at night

on the public road known as the "Jackson Highway," ran into defendant's truck which had been left on the roadway and received serious injuries. Hence this suit.

The negligence relied upon was the violation of the statute requiring that a vehicle parked upon a highway whether attended or unattended during the period from a half hour after sunset to a half hour before sunrise shall have displayed thereon one or more lamps projecting a white light in front and a red light in the rear. Gen. Acts 1927, pp. 348, 387, 383, §§ 97 and 91 (a); Michie's Code, §§ 1397 (93) and 1397 (99); Chambers v. Cox, 222 Ala. 1, 130 So. 416.

■ It is insisted the demurrer to the complaint should have been sustained, first, upon the theory the pleader has failed to aver the highway was a public road, and we are cited to the case of Stewart v. Smith, 16 Ala. App. 461, 78 So. 724. But there was there involved no statutory definition of highway as in the instant case. The statute that defines the above-noted restrictions contains a definition of the word "highway" as follows: "Every way or place of whatever nature open to the use of the public, as a matter of right, for purposes of vehicular travel. The term 'highway' shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities or other institutions." Gen. Acts 1927, pp. 363, 364, § 47 (n), Michie's Code, § 1397 (49). See, also, Dunn v. Gunn, 149 Ala. 583, 42 So. 683; 29 Corpus Juris, 364.

Leaving aside and undetermined any matter of judicial knowledge or the want of any specific assignment of demurrer taking the point, we think, in view of the foregoing definition found in the statute alleged to have been violated, that the averment as to the highway meets the requirements of good pleading.

■ The second objection to the complaint is the failure to aver a condition of darkness, requiring the use of lights on a parked truck. Appellant's argument may be well addressed to the question of proximate cause of an injury, but it does not answer the plain language of the statute, which requires such lights on such parked vehicles "a half hour after sunset to a half hour before sunrise." The added words "and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of two hundred feet ahead," were not intended as a limitation upon the preceding language, but rather an enlargement thereof. This insistence is likewise not well taken.

■ Nor is there merit in the contention the affirmative charge was due defendant upon the theory that in a legal sense the truck was not parked on the highway. Counsel cite 42 Corpus Juris, 613, to the effect that the word "park" means something more than a mere temporary or momentary stoppage on the road for a necessary purpose, and argue that defendant's proof tends to show the truck was left on the road by reason of trouble with its mechanism. True, there is proof of such mechanical trouble and that defendant's agents rolled the truck to one side of the road, procured lanterns to place thereon (the truck being without lighting equipment), and left it for the night.

Plaintiff's evidence was to the effect the truck had no lights displayed of any character, and that the truck was left parked within two feet of the center of the roadway and abandoned for the night. Clearly, it could not be insisted that the truck so abandoned for the night in the roadway was but a temporary or momentary stoppage. But this aside, our statute makes provision and allowance for such enforced temporary stoppage (section 70, subd. c, Gen. Acts 1927, p. 375, Michie's Code, § 1397 (72), subd. c, but expressly provides that such provision for temporary parking is subject to the rule requiring lights on parked vehicles, as found in section 97, General Acts 1927, page 387, Michie's Code, § 1397 (99).

■ It is settled by the decisions of this court that the violation of a statute is negligence per se, and that one proximately injured thereby may recover therefor against the violator of the law. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471.

The trial court correctly so stated in his oral charge, and there is no merit in the exception reserved thereto.

■ The evidence as to the location of the truck on the roadway and as to whether or not there were lights displayed thereon was in sharp conflict, and the court properly submitted the issue of the alleged negligence for the jury's determination. The affirmative charge was properly refused.

We have considered the several questions argued by appellant, and find no error to reverse.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.