163 So. 644

**HAMPTON v. ROBERSON.**

8 Div. 615.

Supreme Court of Alabama.

Oct. 17, 1935.

Henry D. Jones, of Florence, and Peach & Caddell, of Decatur, for appellant.

J. Foy Guin, of Russellville, for appellee.

BOULDIN, Justice.

■ Accord and satisfaction of a claim for damages under the homicide act, Code, § 5696, upon compromise settlement between the sole beneficiary and the party charged is binding as against an administrator thereafter appointed. Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas. 1913B, 225; Fischer v. Pope et al., 229 Ala. 170, 155 So. 579.

■ After appointment of an administrator, the chose in action is vested in him for the purposes of bringing suit, prosecuting to judgment, or entering into any compromise, accord, and satisfaction, and making distribution to those entitled under the statute. Newell et al. v. Bushard et al., 204 Ala. 73, 85 So. 274.

■ Before administrator appointed, accord and satisfaction can only be made with the sole beneficiary, or all the beneficiaries, acting for themselves, or through others lawfully representing them.

■ Plea No. 5 setting up accord and satisfaction with the father of the infant child, who was killed, was subject to demurrer for failure to aver he was the sole beneficiary. The point was duly raised by demurrer. There was error in overruling same. Admittedly, the mother of the child was a beneficiary.

■ It is suggested that the plea was good as a partial defense in reduction of damages. The plea was in bar of the action, not by way of reduction of damages. But, if so, the plea would still be bad.

■ The administrator is not to be embarrassed in the prosecution of the action, by agreements entered into by one or more beneficiaries, but not all of them. The suit should proceed unhampered by such issues. When distribution time comes, the binding effect of an accord and satisfaction with a distributee who is sui juris may be fully considered as affecting his own distributive share. Newell et al. v. Bushard et al., supra; Fischer v. Pope et al., supra.

The court, at plaintiff's request, charged out the pleas of accord and satisfaction, for want of evidence to support them.

Appellant insists this did not eradicate the injury resulting from overruling demurrer to plea 5. This, because under the issue presented by this plea, evidence was admitted of interviews between the father and the defendant (appellee), in which the father said he had investigated the matter, and was satisfied the accident was unavoidable; and in that connection the appellee insisted upon voluntarily paying the funeral expenses, which he did.

We are impressed this evidence was not offered and admitted solely on the plea of accord and satisfaction. Evidence of several witnesses disclosed such alleged declaration was made at times and places wholly apart from any thought of a settlement.

■ It is a general rule that declarations against interest, made by a party beneficially interested, are admissible in evidence as though a party to the record. Farmers' Union Warehouse Co. v. Barnett Bros., 223 Ala. 435, 137 So. 176.

Whether an exception to this rule would exclude such declarations where the interest of others is necessarily involved may be questionable. 22 C. J. page 353, § 409.

■ But no objection was made to this testimony raising such question. Objection to the testimony of Mr. Kitchens was merely on the ground that no predicate was laid; meaning, as we assume, the predicate

for offering statements out of court for purposes of impeachment. This objection was properly overruled as applied to admissions of a party.

■ The trial court did all he was requested to do after striking out the issue of accord and satisfaction. If appellant deemed it important to exclude evidence, allowable under that issue alone, he should have called the court's attention thereto by appropriate motion or requested instruction.

■ Without question the damages recoverable under the homicide statute are punitive as distinguished from actual or compensatory damages. The damages are such as the jury may assess in a civil suit for wrongfully or negligently causing the death of a human being.

■ Charge No. 3 given for defendant could well be refused as misleading. "Deserves to be punished" may be taken by a jury to mean punished for crime. But the charge cannot be said to misstate the law. An explanatory charge should have been asked to correct any misleading tendencies.

■ Charge No. 1 requested by plaintiff was omissive and misleading. At most, the motorist is chargeable with "knowledge of" the propensities of a small child, in this case two and one-half years of age; meaning knowledge that such child is incapable of appreciating and avoiding danger; and, when on or very near the highway, its movements should be watched and all steps taken to avoid injury which a reasonably careful and prudent person would take under like conditions. Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88.

■ One condition here was that a little brother, five years of age, had run across the highway ahead of, and in sight of the approaching truck while yet, probably, at stopping distance. This danger might well suggest the likelihood that the little girl would follow. But, if on sounding a warning she came to a full stop before reaching the highway, and the driver proceeding at reduced speed kept a watch on her movements, and she suddenly ran across the road too late to stop, or do anything but apply brakes and swing the truck to the other side of the road as far as could be without hitting the little boy, and, still, the little girl ran into the fender on her side and was killed, the question of negligence in failing to come to a full stop and see the children were safe was for the solution of the jury. The charge of the court carefully presented such issue on this and other phases of the evidence. We find no error to reverse.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.