6 So.2d 889

**PATRICK et al. v. MITCHELL.**

**8 Div. 131.**

Supreme Court of Alabama.

Feb. 19, 1942.

Rehearing Denied March 12, 1942.

Proctor & Snodgrass, of Scottsboro, for appellants.

H. T. Foster, of Scottsboro, for appellee.

GARDNER, Chief Justice.

A truck driven by defendant Bradford ran over and killed plaintiff's child, eleven years of age, on the street of Section, Alabama. It was Saturday with a "good crowd" of people in "town." Cars were parked on each side of the street, and the truck driven by Bradford was not meeting or passing any other vehicle. There was no cab on the truck and the place of the accident was clearly visible from the direction the truck was traveling over a quarter of a mile and nothing to obstruct the view.

The proof was sufficient for the jury to infer the truck was being operated at the time by Bradford as the agent of defendant Patrick and in the line and scope of his employment.

The child, with another, was playing in and out of parked cars and clearly ran into the side of the truck, was struck down and run over by the rear wheels. There was evidence to show the truck was over the center line of the highway and too far to the left, and defendants argue this fact alone would not suffice for submission of the question of negligence to the jury. But we find no occasion for a discussion of that line of argument. This for the reason we are persuaded the jury could very reasonably infer the driver guilty of negligence for failure to give warning of his approach. 42 C.J. 915–920.

The father testified the truck driver, Bradford, told him "he probably could have avoided the accident if he had blown his horn or stayed on his side of the road". The truck was traveling at a speed not exceeding 15 miles per hour.

The testimony of the driver, defendant Bradford, indicates clearly that he had ample warning he was approaching a place where children were playing on both sides of the street, and yet he gave no warning signal. Upon this point he says: "I did say that there was some children and some cars parked here on both sides and just before I got to these children, I seen some children run out from behind the truck on the right hand side and when I looked and seen them coming out, there was some other children on both sides of the road and I just put my foot on the brake. I told Mr. Mitchell there was some children on the right side but whether I was watching them just as it happened I could not say and I did not tell him that. I told him there was some children on the right hand side of the road running out from behind cars or trucks and I put my foot on the brakes, that I did not know but what they might come out again. I did not tell Mr. and Mrs. Mitchell that if I had been watching and blowing my horn and been watching the highway, the accident would not have happened. The child was hit on the left hand side of the truck, which would have been on the left hand side of the highway."

The jury might well infer that reasonable care required some warning signal of approach be given, and that had such been done the accident might have been avoided. The case of Watson v. Ingalls, 218 Ala. 537, 119 So. 667, 669, is here much in point. The affirmative charge was properly refused.

Defendants interposed pleas of contributory negligence and argue it was reversible error for the court to have given for plaintiff charge "P" which in effect eliminated such issue from the case. As previously observed the boy was eleven years of age and the father testified he was an average child for his age and in the 5th grade at school.

The following observation in Watson v. Ingalls, supra, is applicable here and suffices as an answer to the argument in the instant case:

"The settled rule in this jurisdiction is 'that between the ages of 7 and 14 years children who are compos mentis are presumed to be incapable of contributory negligence, but that a child between the ages of 7 and 14 years may be shown by evidence to be capable of contributory negligence by showing that he possesses that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is fourteen years of age.' Cedar

Creek, etc., v. Stedham, 187 Ala. 622, 65 So. 984; White Swan Laundry Co. v. Wehrhan, supra [202 Ala. 87, 79 So. 479]. 'The fact that an infant is shown to be bright, smart, and industrous is not sufficient to overcome the presumption of want of discretion.' Jones v. Strickland, supra [201 Ala. 138, 77 So. 562].

"The trial judge had the boy before him for observation and there was clearly lacking sufficient evidence to overcome the presumption of incapacity on account of age. The question of contributory negligence is therefore eliminated from plaintiff's case."

■ As to defendants' refused charge "10" it is sufficient to say the substance of this charge was embraced in charge "7" given for defendants.

■ The verdict was only for $250 and defendants argue this as a conclusive fact the damages awarded were compensatory and not punitive. Of course, it is settled that all damages allowed in cases of this character are punitive and should be measured by the quality of the wrongful act, and the degree of culpability involved. Jack Cole, Inc., v. Walker, 240 Ala. 683, 200 So. 768. And the jury may have, in their discretion, determined upon the above amount in consideration of all the facts and circumstances as to the quality of the wrongful act, and the degree of culpability involved. In any event it is clear enough these defendants are in no position to complain the recovery against them was insufficient in amount. Louisville & N. R. Co. v. Street, 164 Ala. 155, 51 So. 306, 20 Ann. Cas. 877.

■ Defendants' refused charge "2" is argumentative and misleading. The mere fact that recoverable damages are punitive in character does not call for such an instruction to be given the jury. Mobile Light & Railroad Co. v. Nicholas, 232 Ala. 213, 167 So. 298.

The motion for a new trial was based upon the matters already discussed. We find no error to reverse. Let the judgment stand affirmed.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.

### On Rehearing.

GARDNER, Chief Justice.

In the original consideration of this case the writer, parenthetically though errone-ously, stated the population of Section, Alabama, which we now strike from the opinion. The figures were obtained from the Bureau of Census of 1930. But the examination was superficial, for which due apology is tendered. The population, we now find, upon more careful scrutiny, had reference to precinct Section. Of course all of this should have been more carefully observed in the first instance and perhaps the mistake may properly be designated as inexcusable. But counsel for defendants attach entirely too much importance to the writer's error in this regard. They insist that Section is a village, though defendant Bradford, in giving the location of the accident, says: "I was about the center of *town*". Italics supplied.

But whether Section may be denominated village or town (and the record is silent upon that matter) is not of controlling importance here. The important facts are that Section did have business houses and parked cars on the side of the street and quite a crowd of people on this Saturday afternoon, with children playing on each side of the street.

We quote some excerpts from the testimony that impressed us in our study of the record. Witness Stringer: "I was in Section one Saturday afternoon * * * there was quite a few cars parked in front of the stores and several people around the stores and several children playing around and some running across the road and I started in one of the stores * * * I heard a woman scream and I looked around and I turned my head I saw two boys, one running the other; the log truck was coming up the road and as I saw it the boy ran into the truck; that is the Mitchell boy ran into the truck".

Witness Spurgeon, who was riding with Bradford on the truck, says: "There was a crowd of people on both sides of the street". And in the testimony of Curley Stringer is the following: "there were lots of people there and cars parked in every angle * * * I possibly had seen the children playing around the cars that were parked there as there was a bunch of children there". Witness Patterson says: "When I first saw the little boy he came running by me and another boy running him. They were running on the sidewalk then and he made a turn to his left just as he passed me and ran toward the street".

In the original opinion we took the pains to quote what we considered enough from

the testimony of defendant Bradford, the truck driver, to demonstrate that in fact he was well aware of the situation, the parked cars and the children running out from behind them, and that these children were "on both sides of the road". And we noted the testimony of the child's father to the effect Bradford admitted a probability the accident could have been avoided had he "blown his horn". Bradford further testified: "Mrs. Mitchell she asked me did I blow the horn and I told her that I didn't see anything to blow at and saw no danger in the road ahead of me".

In Cedar Creek Store Co. v. Stedham, 187 Ala. 622, 65 So. 984, 985, the court calls attention to the well-known lack of discretion of children of this age and that they "may heedlessly play in the highways and may heedlessly go across them without exercising such ordinary prudence". And in Reaves v. Maybank, 193 Ala. 614, 69 So. 137, 138, a suit to recover for the death of a child by the alleged negligent operation of an automobile, the discussion of defendant's given charge "1½" discloses that the court considered the matter of warning signal by blowing the horn a "material matter" in the case. As observed in that case what constitutes reasonable care "must vary with and must depend upon the circumstances of the particular case".

In Watson v. Ingalls, 218 Ala. 537, 119 So. 667, the matter of signal warning was under the circumstances considered important and the case was cited to that end. But we were of course well aware the particular facts differed from those in the instant case. Other illustrative cases may be found in Klink v. Bany, 207 Iowa 1241, 224 N.W. 540, 65 A.L.R. 187, 199; 67 A.L.R. 101; 5 Amer.Jur. 877–880.

But we forego further discussion, and have responded at some length out of regard for the earnest argument of counsel, though we are yet quite persuaded of the correctness of the former opinion that a jury question was presented and the affirmative charge properly refused to defendants.

The application will be denied.
Application overruled.

THOMAS, BROWN and FOSTER, JJ., concur.