35 So.2d 332

**McGOUGH BAKERIES CORPORATION et al. v. REYNOLDS.**

**6 Div. 572.**

Supreme Court of Alabama.

April 29, 1948.

Rehearing Denied May 20, 1948.

Peach, Caddell & Shanks, of Decatur, and St. John & St. John, of Cullman, for appellants.

Kenneth J. Griffith, of Cullman, and Julian Harris and Norman W. Harris, both of Decatur, for appellee.

LAWSON, Justice.

Harold Reynolds, a young boy ten years of age, was killed on a public highway by a passing truck. The driver of the truck was James Hamilton, who was acting in the course and within the line and scope of his employment as servant, agent, or employee of the McGough Bakeries Corporation.

This suit was brought against Hamilton and McGough Bakeries Corporation by Tom Reynolds, father of Harold, to recover damages for the death of his minor son. § 119, Title 7, Code 1940.

The appeal is by both defendants from a judgment against them in favor of plaintiff in the amount of $5,000.

The one count in the complaint as amended charged simple negligence. The sufficiency of the amended complaint is not challenged here. In addition to the general issue, the defendants interposed pleas of contributory negligence as to the young boy was killed. The defendants also pleaded contributory negligence of the plaintiff. Plaintiff's demurrer was sustained to the pleas of contributory negligence of the boy, but was overruled as to the plea setting up the contributory negligence of the father.

The first insistence made by counsel for defendants (appellants) is that the trial court erred in sustaining plaintiff's demurrer to defendants' plea of contributory negligence of the young boy who was killed. We cannot agree with this contention. The demurrer was properly sustained.

The rule has long been established in this jurisdiction that children between the ages of seven and fourteen who are compos mentis are presumed to be incapable of contributory negligence, but a child between those ages may be shown by evidence to be capable of contributory negligence by showing that he possesses that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is fourteen years of age. Birmingham R. Light & Power Co. v. Landrum, 153 Ala. 192, 45 So. 198, 127 Am.St.Rep. 25.

The pleas of the defendant as to the contributory negligence of the ten-year-old boy were insufficient for failing to allege that he possessed that discretion, intelligence, and sensitiveness to danger which the ordinary child possesses when he is fourteen years of age. This is in accord with the holding of this court in the case of Indian Refining Co. v. Marcrum, 205 Ala. 500, 88 So. 445.

The rule announced in the Landrum case, supra, is not in accord with the rule in many other states, but it has stood undisturbed in this jurisdiction for more than forty years, in spite of efforts exerted to have us depart therefrom. See Cedar Creek Store Co. v. Stedham, 187 Ala. 622, 65 So. 984. We are not inclined to disturb it now. Among the many decisions of this court following the rule enunciated in the Landrum case, supra, are the following: White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 So. 479; Indian Refining Co. v. Marcrum, supra; Southern Exp. Co. et al. v. Roseman, 206 Ala. 681, 91 So. 612; Watson v. Ingalls, 218 Ala. 537, 119 So. 667; Graham v. Werfel, 229 Ala. 385, 157 So. 201; Patrick et al. v. Mitchell, 242 Ala. 414, 6 So.2d 889.

For eight years prior to his death Harold Reynolds lived with his father on a farm approximately three miles north of Cullman. The house in which the Reynolds family lived was approximately 300 yards west of U.S. Highway 81, a much-traveled thoroughfare which runs north and south. Harold entered school in the fall of 1943. At the time of his death he was in the third grade at Vinemont school. He was transported to and from school in

a bus. During the school years 1943–1944 and 1944–1945 he boarded and left the bus at a point on the east side of Highway 81, which point was a little more than 300 yards east of his father's home. Thus, he had to cross the highway in order to enter the bus, as it approached him from the south. The entrance to the bus was on its right side. At the beginning of the school year 1945–1946 the route of the school bus was changed so that it proceeded in a southerly rather than a northerly direction. It then stopped on the west side of the highway. Consequently it was unnecessary for Harold to cross the highway to enter the bus or to go to his home after returning from school.

During his last year in school Harold had a friend and schoolmate, Kenneth Maddox, whose father's home was on the east side of the highway. The porch of the Maddox home was just a few feet from the east edge of the road. Harold frequently on holidays played with Kenneth Maddox at the latter's home. To get to Kenneth's Harold had to cross the highway.

On numerous occasions during the school year 1945–1946, when Harold reached the "bus stop" before the bus arrived, he crossed the highway and went into the home of his friend, Kenneth Maddox. Counsel for defendants, on cross-examination of the plaintiff, Harold's father, brought out the fact that although plaintiff knew the highway was much-traveled, he not only approved of Harold' crossing the highway to enter the Maddox home, but told him to do so as it gave him shelter from the cold and rain to which he would have been subjected otherwise when the school bus was late, as was often the case.

On the morning he was killed, Harold left his father's home shortly after 7:00 a. m. to catch the school bus. He walked alone. He did not wait for the arrival of the bus at the place on the west side of the highway where it usually stopped. It was a cold morning. Harold crossed the highway and went onto the porch of the Maddox home, where he was joined by Kenneth.

Harold left the porch, walking in a westerly direction. Kenneth remained on the porch. Just before Harold reached the

east edge of the road his attention was attracted by a horn blown on a truck which was traveling in a southerly direction. Harold stopped and looked toward the north in the direction of the school bus, which was then within view. The truck driven by the defendant Hamilton was proceeding in a northerly direction at approximately thirty-five miles an hour. As the truck arrived in front of the Maddox home, Harold, still looking in a northerly direction, stepped onto the highway and was hit by the truck driven by Hamilton. He died about two hours after the accident.

Hamilton first saw Harold when he was about 100 feet south of him and when the boy was standing a few feet east of the highway. He saw that Harold was looking toward the north. According to Hamilton he did not slacken his speed until the youngster "jumped out in front" of the truck. Then Hamilton applied the brakes and turned the truck sharply to the left. The front of the truck missed Harold but he was hit by the "corner of the bed." The truck was not equipped with a horn. Although Hamilton saw that Harold had not seen his truck approaching, he did not decrease the speed of the truck until the young boy walked onto the highway, nor did he give any signal to warn Harold of the approaching truck.

■ Negligence, in a case such as this, is want of ordinary care; the doing of what a person of ordinary prudence would not do or the failure to do what a person of ordinary prudence would do under like conditions or circumstances, which act or omission proximately causes the result complained of. The circumstances of each case dictate the course of conduct demanded by ordinary care.

Section 36, Title 36, Code 1940, provides that every motor vehicle when operated upon a highway shall be equipped with a horn in good working order capable of emitting a sound audible under normal conditions for a distance of not less than two hundred feet. A violation of this regulation is made a misdemeanor.

■■ A violation of said provision of the statute constitutes negligence. Clift v. Donegan, 237 Ala. 304, 186 So. 476. And

whether this particular accident was attributable to a violation of this law as a proximate cause of the death of Harold Reynolds was a question for the jury. According to Hamilton's testimony, as before pointed out, he 'saw the young boy standing very close to the edge of the highway, looking in the opposite direction from which Hamilton was approaching. Hamilton knew that the truck was not equipped with a horn. He did not decrease his speed nor take any other preventive action until the boy came onto the highway. We think it clear that the evidence in this case presented a question for jury decision as to whether the conduct of Hamilton, the driver of the truck, was in consonance with the conduct of a reasonably prudent man. Watson v. Ingalls, 218 Ala. 537, 119 So. 667; International Harvester Co. v. Williams, 222 Ala. 589, 133 So. 270; Hampton v. Roberson, 231 Ala. 55, 163 So. 644; Reaves v. Maybank, 193 Ala. 614, 69 So. 137; Patrick v. Mitchell, 242 Ala. 414, 6 So.2d 889.

■ Contributory negligence on the part of the parent suing in this form of action is a good defense. Alabama Utilities Service Co. v. Hammond, 225 Ala. 657, 144 So. 822. Also see the recent case of Peoples v. Seamon, 249 Ala. 284, 31 So.2d 88.

■ But we cannot agree with the insistence of defendants that the trial court erred in not giving the affirmative charge in their favor under their Plea 8 setting up the contributory negligence of the plaintiff.

It cannot be said under the evidence of this case that plaintiff was guilty of negligence as a matter of law in permitting or advising his ten-year-old son to cross the highway to seek shelter from the rain and cold while he waited for the arrival of the bus to carry him to school. He was compelled to attend school under our system of compulsory education. § 297, Title 52, Code 1940. Children of school age throughout this state leave their homes for schools unattended by adults. In urban and rural areas alike many of them of necessity must cross streets and highways. The law does not contemplate that school children, while on their way to school, must be accompanied by their parents or other adults, and the failure of parents to so accompany their children does not in and of itself constitute negligence on the part of the parents. True, it was not necessary for Harold to have crossed the highway to catch his bus. But he had had to do so for two years prior to the 1945–1946 school term. This the plaintiff knew and he was not guilty of negligence as a matter of law in permitting or directing his ten-year-old son to cross the highway in order to protect himself from rain or cold while he awaited the arrival of the school bus. We are clear to the conclusion that the most the defendants were entitled to was to have the jury pass on the question of the plaintiff's contributory negligence and the further question as to whether such negligence, if any, proximately contributed to his son's death.

■ It is settled by the decisions of this court that the violation of a statute regulating the operation of motor vehicles on the highways of this state is negligence per se, and that one proximately injured thereby may recover against the violator of the law. Cosby v. Flowers, 249 Ala. 227, 30 So.2d 694; Claude Jones & Son et al. v. Lair, 245 Ala. 441, 17 So.2d 577; Newell Contracting Co. v. Berry, 223 Ala. 111, 134 So. 868; Id., 223 Ala. 109, 134 So. 870; Ashley v. McMurray, 222 Ala. 32, 130 So. 401; Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471. The trial court correctly so stated in its oral charge. Newell Contracting Co. v. Berry, 223 Ala. 111, 134 So. 868.

After so charging, the trial court read to the jury several of the statutory provisions relating to the operation of motor vehicles on the highways, including the following excerpt from § 3, Title 36, Code 1940: "Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished" etc.

The punishment prescribed by said section was not read to the jury, hence the

trial court's oral charge in this case is not subject to the criticism directed to Charge 15 in the case of Lassetter v. King, Ala. App., 31 So.2d 586, certiorari denied, 249 Ala. 422, 31 So.2d 588.

■■ But, inasmuch as the complaint in this case charged simple negligence only, the trial court should not have read to the jury that portion of § 3, Title 36, supra, relating to wilful or wanton disregard of the rights or safety of others, as such was at least misleading. Streetman v. Bowdon, 239 Ala. 359, 194 So. 831. However, the other parts of that statute were not incorrectly read to the jury under the pleadings and evidence in this case. In taking exception to the oral charge, the obnoxious portion of the statutory provisions which were read to the jury was not pointed out to the court, the exception going to all of that read. Since a part of the charge to which exception was taken was not erroneous, the exception must fail. Alabama Steel & Wire Co. v. Griffin, Adm'r, 149 Ala. 423, 42 So. 1034; Jordan v. Smith, 185 Ala. 591, 64 So. 317; United States Fire Ins. Co. v. Smith, 231 Ala. 169, 164 So. 70, 103 A.L.R. 1468. We hold that no reversible error is made to appear as to the oral charge of the court.

In its oral charge, the trial court instructed the jury in effect that the defendant McGough Bakeries Corporation could not be held responsible for the death of young Reynolds unless the jury was reasonably satisfied from the evidence that the relationship of master and servant existed between McGough Bakeries Corporation and the defendant Hamilton, and that at the time of the accident Hamilton was acting within the line and scope of his employment as such; that Hamilton was negligent and that such negligence was the proximate cause of the death of Harold Reynolds.

Thereafter, at the request of the plaintiff, the court gave the following written charge: "C. If you believe the evidence in this case James Hamilton was the servant or employee of McGough Bakeries Corporation and was acting in the line and scope of his employment in driving its truck on the occasion complained of, and McGough Bakeries Corporation is responsible and liable for any negligent act committed by James Hamilton on .the occasion complained of."

Several other written charges were then given at the request of plaintiff and the defendants. The record discloses that after the court acted on the requests for written instructions originally submitted, both parties requested additional written instructions. Thereupon the court at the request of the plaintiff gave the following written charge: "B. The Court charges the jury that if you believe the evidence in this case the defendant, McGough Bakeries Corporation, is liable for any negligent act of the defendant, James Hamilton, on the occasion complained of."

Immediately after giving Charge B, as above set out, the court made the following statement: "Now, gentlemen, of course, I have told you on several occasions during this charge that no person is responsible for any negligence unless that negligence is the proximate cause of the injury or damage. That applies throughout the charge to anything which I say."

Defendants strenuously insist that the trial court erred to a reversal in giving the two charges above set out.

■ Under the evidence in this case the plaintiff was entitled to the general affirmative charge with hypothesis on the question of the agency of the defendant Hamilton, the driver of the truck. Hence, the giving of Charges B and C was not error for the reason that they so instructed the jury. Cox v. Roberts, 248 Ala. 372, 27 So.2d 617; Kelly v. Hanwick, 228 Ala. 336, 153 So. 269; Slaughter v. Murphy, 239 Ala. 260, 194 So. 649.

■ But said charges should have been refused. Although they do not instruct a finding for plaintiff, they are both incomplete and as given could mislead the jury to the conclusion that, since Hamilton at the time of the accident was acting within the line and scope of his authority as agent of the defendant, McGough Bakeries Corporation, the plaintiff was entitled to recover a verdict against the said corporation defendant, because of the negligence of Hamilton, irrespective of whether

any such negligence was the proximate cause of the injury which resulted in the death of plaintiff's son.

We do not think, however, that this cause should be reversed because said Charges B and C were given. It is evident that the trial court immediately after reading Charge B to the jury (the last of the two charges given) recognized that the charges were incomplete. He thereupon orally instructed the jury as shown above that "no person is responsible for any negligence unless that negligence is the proximate cause of the injury or damage. That applies throughout the charge to anything I say."

■ Defendants insist that under § 273, Title 7, Code 1940, the trial court must give charges in the terms in which they are written and hence the remarks of the trial court which were intended to remedy the deficiencies in Charges B and C are inefficacious for that purpose. But the requirement that the court must give or refuse a charge in the terms in which it is written is for the benefit of the party requesting the charge and the opposing party cannot complain on that ground. Pilley v. State, 247 Ala. 523, 25 So.2d 57.

As before indicated, Charges B and C were incomplete as instructions to the jury in this case, but they were not altogether incorrect. We do not think that the giving of those charges was prejudicial to the defendants in view of the explanatory remarks of the trial judge.

■ Charge No. 16 requested by the defendants is in material respects in the exact language of Charge J which this court held should have been given at the request of defendants in the case of Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779. But under the evidence in this case we think said Charge No. 16 was refused without error. In the Cusimano case there was evidence to the effect that the driver of the Pizitz automobile did not see the child who was injured, as it was playing behind a signboard near the street. But in this case the driver of defendant's truck saw Harold Reynolds standing a few feet from the east edge of the highway and observed that the child had not seen his truck as he was looking in the opposite direction. The driver of the truck also knew that his truck was not equipped with a horn or other warning signal. Under such circumstances the duties of the driver are to be measured in the light of the fact that the deceased was a boy of immature years, lacking in the judgment and discretion of adults, and the driver should govern himself accordingly. Watson v. Ingalls, 218 Ala. 537, 119 So. 667. A driver of a motor vehicle, seeing a child of tender age standing near the highway, and knowing that the child has not seen the approaching vehicle, cannot presume that the child will not suddenly run onto the roadway. The movements of the child should be watched and all steps taken to avoid injury which a reasonably careful and prudent person would take under like conditions. Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88; Hampton v. Roberson, 231 Ala. 55, 163 So. 644. We hold that Charge No. 16 requested by the defendants was properly refused.

Charge B–5 requested by defendants was also correctly refused for the same reasons.

There is no merit in the contention of defendants that their motion for new trial should have been granted for the reason that the verdict was contrary to the great preponderance of the evidence.

We have treated all questions argued in brief of counsel for appellants and, finding no reversible error therein, the judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.