352 So.2d 1346 (1977)
Levert KING, Sr.
v.
Susan Elaine SOUTH.
Kennedy KING, a minor, etc., et al.
v.
Susan Elaine SOUTH.
SC 2463, SC 2464.
Supreme Court of Alabama.
December 22, 1977.
Frank V. Potts and Ray C. Johnson of Potts & Young, Florence, for appellants.
J. Douglas Evans of Higginbotham & Evans, Florence, for appellee.
BLOODWORTH, Justice.
Plaintiffs, Kennedy King and Levert King, Sr., appeal from a judgment for defendant, Susan Elaine South. We reverse and remand.
On February 24, 1975, ten-year-old plaintiff, Kennedy King, was standing with his mother and younger brother beside a stopped automobile headed south and blocking, or partially blocking, the right lane of a two-lane road. Kennedy's mother was talking with her married daughter who was seated in the driver's seat of the stopped vehicle.
Defendant, Susan Elaine South, was driving south on the road, and as she topped a rise in the road immediately north of the stopped car, she saw the minor plaintiff and his younger brother and mother standing in the center of the road 532 feet directly ahead and immediately adjacent to the stopped vehicle. As defendant drove on, minor plaintiff began to dance in the center of the road. Defendant blew her horn when she was about two car lengths behind the vehicle and swerved around it to pass about 30 miles per hour. In so doing, defendant struck minor plaintiff and inflicted serious injuries upon him.
The minor plaintiff sued by his father, Levert King, Sr., as next friend. The father *1347 brought a derivative action for medical expenses and for the loss of his son's services. The cases were consolidated by order of the trial court. The jury returned a verdict for defendant in both cases. Plaintiffs' motion for new trial was overruled. Hence, these appeals.
Plaintiffs advance a number of contentions on this appeal, including the contention that the trial judge committed reversible error in submitting minor plaintiff's contributory negligence to the jury, because, they contend, there was no evidence that he possessed the degree of care, discretion, judgment, and sensitivity to danger of a 14-year-old child. Because we hold that the trial judge committed reversible error in this ruling, we need not address the other issues.
It has long been the law in Alabama that a child between the ages of 7 and 14 is prima facie incapable of contributory negligence. Alabama Power Company v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975); Birmingham Ry., Light & Power Co. v. Landrum, 153 Ala. 192, 45 So. 198 (1907).
However, a child between the ages of 7 and 14 years may be shown by evidence to be capable of contributory negligence by showing that he possesses that discretion, intelligence, and sensitivity to danger which the ordinary child, who he is 14 years of age, possesses. McGough Bakery Corp. v. Reynolds, 250 Ala. 592, 35 So.2d 332 (1948); Patrick v. Mitchell, 242 Ala. 414, 6 So.2d 889 (1942).
Moreover,
"`Between the ages of 7 and 14 a child is prima facie incapable of exercising judgment and discretion, but evidence may be received to show capacity. (Citations omitted.)

"The fact that an infant is shown to be bright, smart, and industrious is not sufficient to overcome the presumption of want of discretion. (Citations omitted.)' (Emphasis supplied.) Jones v. Strickland, 201 Ala. 138, 77 So. 562 (1917)."
Alabama Power Company v. Taylor, supra.
As was true in Alabama Power Company v. Taylor, supra, the evidence here was simply insufficient to overcome the presumption. The strongest testimony in favor of the defendant was as follows: Fannie Goodwin, minor plaintiff's sister and witness for minor plaintiff, testified on cross-examination, in response to questioning, that she "imagined" her brother did the "things that a normal ten year old did" and that he "acted just like an average child." Minor plaintiff's father testified on cross-examination that he would say his son was "a normal boy." Thus, what little evidence we have on this issue demonstrates that Kennedy King was but an average ten year old.
Therefore, the trial judge erred to a reversal in submitting the issue of the minor plaintiff's contributory negligence to the jury. It is for this reason that this case is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.